IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH SCHWARTZ, | ) | |
| | ) | |
| ROSIE SCHWARTZ, | ) | |
| | ) | |
| 5720 WEST MARKHAM STREET HOLDINGS, LLC, | ) ) | |
| | ) | |
| 8701 RILEY DRIVE HOLDINGS, LLC, | ) | |
| | ) | |
| 1516 S. CUMBERLAND STREET HOLDINGS, LLC, | ) ) | |
| | ) | |
| 2501 JOHN ASHLEY DRIVE HOLDINGS, LLC, | ) ) | |
| | ) | |
| 5301 WHEELER AVENUE HOLDINGS, LLC, | ) ) | Case No. 20-01376 |
| | ) | |
| 706 OAK GROVE ROAD HOLDINGS, LLC, | ) ) | |
| | ) | |
| 414 MASSEY AVENUE HOLDINGS, LLC, | ) | |
| | ) | |
| 1513 S. DIXIELAND ROAD HOLDINGS, LLC, | ) ) | |
| | ) | |
| 826 NORTH STREET HOLDINGS, LLC, | ) | |
| | ) | |
| NEWPORT REALTY, LLC, | ) | |
| | ) | |
| DIXON REALTY, LLC, | ) | |
| | ) | |
| 552 GOLF LINKS ROAD REALTY, LLC, | ) | |
| | ) | |
| 9209 DOLLARWAY ROAD REALTY, LLC, | ) ) | |
| | ) | |
| RS BARDSTOWN REALTY, LLC, | ) | |
| | ) | |
| RS LAUREL CREEK REALTY, LLC, | ) | |
| | ) | |
| RS MOUNTAIN VIEW REALTY, LLC, | ) | |

LESSON LEARNED, LLC,                          )
                                              )
POPE STREET REALTY SPE, LLC,                  )
                                              )
CENTER STREET REALTY SPE, LLC,                )
                                              )
HIGHLAND AVE REALTY SPE, LLC,                 )
                                              )
HAR CAPITAL LIMITED LIABILITY                 )
COMPANY,                                      )
                                              )
LITTLE ROCK WEST MARKHAM                      )
HOLDINGS, LLC,                                )
                                              )
LITTLE ROCK RILEY HOLDINGS, LLC,              )
                                              )
HIGHLANDS OF LITTLE ROCK SOUTH                )
CUMBERLAND HOLDINGS, LLC,                     )
                                              )
HIGHLANDS OF NORTH LITTLE ROCK                )
JOHN ASHLEY HOLDINGS, LLC,                    )
                                              )
HIGHLANDS OF FORT SMITH                       )
HOLDINGS, LLC,                                )
                                              )
HIGHLANDS OF MOUNTAIN VIEW SNF                )
HOLDINGS, LLC,                                )
                                              )
HIGHLANDS OF MOUNTAIN VIEW RCF                )
HOLDINGS, LLC,                                )
                                              )
HIGHLANDS OF ROGERS DIXIELAND                 )
HOLDINGS, LLC,                                )
                                              )
HIGHLANDS OF STAMPS HOLDINGS,                 )
LLC,                                          )
                                              )
LINDLEY HEALTHCARE AND                        )
REHABILITATION CENTER, LLC,                   )
                                              )
MADISON HEALTHCARE AND                        )
REHABILITATION CENTER, LLC,                   )
                                              )
                                              )

HERITAGE OF HOT SPRINGS HEALTH    )
AND REHAB, LLC,                   )
                                  )
WHITE HALL HOLDINGS, LLC,         )
                                  )
BARDSTOWN HEALTHCARE AND          )
REHABILITATION CENTER, LLC,       )
                                  )
LAUREL CREEK HEALTHCARE AND       )
REHABILITATION CENTER, LLC,       )
                                  )
MOUNTAIN VIEW HEALTHCARE AND      )
REHABILITATION CENTER, LLC,       )
                                  )
BEDFORD GARDENS CARE AND          )
REHABILITATION CENTER, LLC,       )
                                  )
BEDFORD VILLAGE CARE AND          )
REHABILITATION CENTER, LLC,       )
                                  )
HALLMARK CARE AND                 )
REHABILITATION CENTER, LLC,       )
                                  )
DIGHTON CARE AND                  )
REHABILITATION CENTER, LLC, and,  )
                                  )
HIGHLAND MANOR CARE &             )
REHABILITATION CENTER, LLC,       )
                                  )
            *Plaintiffs*,         )
                                  )
       vs.                        )
                                  )
MOISHE GUBIN,                     )
                                  )
MICHAEL BLISKO,                   )
                                  )
5720 WEST MARKHAM STREET, LLC,    )
                                  )
8701 RILEY DRIVE, LLC,            )
                                  )
1516 CUMBERLAND STREET, LLC,      )
                                  )
2501 JOHN ASHLEY DRIVE, LLC,      )

5301 WHEELER AVENUE, LLC, )
 )
706 OAK GROVE STREET, LLC, )
 )
414 MASSEY AVENUE, LLC, )
 )
1513 SOUTH DIXIELAND ROAD, LLC, )
 )
826 NORTH STREET, LLC, )
 )
326 LINDLEY LANE, LLC, )
 )
2821 WEST DIXON ROAD, LLC, )
 )
552 GOLF LINKS ROAD, LLC, )
 )
9209 DOLLARWAY ROAD, LLC, )
 )
1516 LIFE CARE WAY, LLC, )
 )
945 WEST RUSSELL STREET, LLC, )
 )
1033 NORTH HIGHWAY 11, LLC, )
 )
4586 ACUSHNET AVENUE, LLC, )
 )
9 POPE STREET, LLC, )
 )
907 CENTER STREET, LLC, )
 )
761 HIGHLAND AVENUE, LLC, )
 )
1123 ROCKDALE AVENUE, LLC, )
 )
MIDTOWN POST ACUTE AND )
REHABILITATION – A WATERS )
COMMUNITY, LLC, )
 )
THE WATERS OF WOODLAND HILLS, )
LLC, )
 )
THE WATERS OF CUMBERLAND, LLC, )
 )
 )

| | |
|---|---|
| THE WATERS OF NORTH LITTLE ROCK, LLC, | ) |
| | ) |
| THE WATERS OF FORT SMITH, LLC, | ) |
| | ) |
| THE WATERS OF MOUNTAIN VIEW, LLC, | ) |
| | ) |
| MOUNTAIN VIEW RESIDENTIAL HOME – A WATERS COMMUNITY, LLC, | ) |
| | ) |
| THE WATERS OF ROGERS, LLC, | ) |
| | ) |
| THE WATERS OF STAMPS, LLC, | ) |
| | ) |
| THE WATERS OF NEWPORT, LLC, | ) |
| | ) |
| THE WATERS OF WEST DIXON, LLC, | ) |
| | ) |
| WEST DIXON ASSISTED LIVING – A WATERS COMMUNITY, LLC, | ) |
| | ) |
| HOT SPRINGS NURSING AND REHABILITATION – A WATERS COMMUNITY, LLC, | ) |
| | ) |
| THE WATERS OF WHITE HALL, LLC, | ) |
| | ) |
| LANDMARK OF BARDSTOWN REHABILITATION AND NURSING CENTER, LLC, | ) |
| | ) |
| LANDMARK OF LAUREL CREEK REHABILITATION AND NURSING CENTER, LLC, | ) |
| | ) |
| LANDMARK OF ELKHORN CITY REHABILITATION AND NURSING CENTER, LLC, and | ) |
| | ) |
| STRAWBERRY FIELDS REIT, LLC, | ) |
| | ) |
| *Defendants.* | ) |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Joseph Schwartz, Rosie Schwartz, 5720 West Markham Street Holdings, LLC; 8701 Riley Drive Holdings, LLC; 1516 S. Cumberland Street Holdings, LLC; 2501 John Ashley Drive Holdings, LLC; 5301 Wheeler Avenue Holdings, LLC; 706 Oak Grove Road Holdings, LLC; 414 Massey Avenue Holdings, LLC; 1513 S. Dixieland Road Holdings, LLC; 826 North Street Holdings, LLC; Newport Realty, LLC; Dixon Realty, LLC; 552 Golf Link Road Realty, LLC; 9209 Dollarway Road Realty, LLC; RS Bardstown Realty, LLC; RS Laurel Creek Realty, LLC; RS Mountain View Realty, LLC; Lesson Learned, LLC; Pope Street Realty SPE, LLC; Center Street Realty SPE, LLC; Highland Ave Realty SPE, LLC; HAR Capital Limited Liability Company; Little Rock West Markham Holdings, LLC; Little Rock Riley Holdings, LLC; Highlands of Little Rock South Cumberland Holdings, LLC; Highlands of North Little Rock John Ashley Holdings, LLC; Highlands of Fort Smith Holdings, LLC; Highlands of Mountain View SNF Holdings, LLC; Highlands of Mountain View RCF Holdings, LLC; Highlands of Rogers Dixieland Holdings, LLC; Highlands of Stamps Holdings, LLC; Lindley Healthcare and Rehabilitation Center, LLC; Madison Healthcare and Rehabilitation Center, LLC; Heritage of Hot Springs Health and Rehab, LLC; White Hall Holdings, LLC; Bardstown Healthcare and Rehabilitation Center, LLC; Laurel Creek Healthcare and Rehabilitation Center, LLC; Mountain View Healthcare and Rehabilitation Center, LLC; Bedford Gardens Care and Rehabilitation Center, LLC; Bedford Village Care and Rehabilitation Center, LLC; Hallmark Care and Rehabilitation Center, LLC; Dighton Care and Rehabilitation Center, LLC; and Highland Manor Care & Rehabilitation Center, LLC; (collectively "Plaintiffs"), by and through its undersigned counsel, and pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure, submit their

- 6 -

Complaint against Defendants Moishe Gubin; Michael Blisko; 5720 West Markham Street, LLC; 8701 Riley Drive, LLC; 1516 Cumberland Street, LLC; 2501 John Ashley Drive, LLC; 5301 Wheeler Avenue, LLC; 706 Oak Grove Street, LLC; 414 Massey Avenue, LLC; 1513 South Dixieland Road, LLC; 826 North Street, LLC; 326 Lindley Lane, LLC; 2821 West Dixon Road, LLC; 552 Golf Links Road, LLC; 9209 Dollarway Road, LLC; 120 Life Care Way, LLC; 945 West Russell Street, LLC; 1033 North Highway 11, LLC; 4586 Acushnet Avenue, LLC; 9 Pope Street, LLC; 907 Center Street, LLC; 761 Highland Avenue, LLC; 1123 Rockdale Avenue, LLC; Midtown Post Acute and Rehabilitation – A Waters Community, LLC; The Waters of Woodland Hills, LLC; The Waters of Cumberland, LLC; The Waters of North Little Rock, LLC; The Waters of Fort Smith, LLC; The Waters of Mountain View, LLC; Mountain View Residential Home – A Waters Community, LLC; The Waters of Rogers, LLC; The Waters of Stamps, LLC; The Waters of Newport, LLC; The Waters of West Dixon, LLC; West Dixon Assisted Living – A Waters Community, LLC; Hot Springs Nursing and Rehabilitation – A Waters Community, LLC; The Waters of White Hall, LLC; Landmark of Bardstown Rehabilitation and Nursing Center, LLC; Landmark of Laurel Creek Rehabilitation and Nursing Center, LLC; Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC; and Strawberry Fields REIT, LLC (collectively "Defendants"), and alleges as follows:

<u>**PARTIES**</u>

1.      Plaintiff Joseph Schwartz is a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

2.      Plaintiff Rosie Schwartz is a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

3.     Plaintiff 5720 West Markham Street Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Little Ark Realty Holdings, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

4.     Plaintiff 8701 Riley Drive Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Little Ark Realty Holdings, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

5.     Plaintiff 1516 S. Cumberland Street Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Little Ark Realty Holdings, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

6.     Plaintiff 2501 John Ashley Drive Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Little Ark Realty Holdings, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

7.     Plaintiff 5301 Wheeler Avenue Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New

Jersey. Its sole member is Little Ark Realty Holdings, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

8.      Plaintiff 706 Oak Grove Road Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Little Ark Realty Holdings, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

9.      Plaintiff 414 Massey Avenue Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Little Ark Realty Holdings, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

10.      Plaintiff 1513 S. Dixieland Road Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Little Ark Realty Holdings, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

11.      Plaintiff 826 North Street Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Little Ark Realty Holdings, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn,

New York.

12.     Plaintiff Newport Realty, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

13.     Plaintiff Dixon Realty, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

14.     Plaintiff 552 Golf Links Road Realty, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

15.     Plaintiff 9209 Dollarway Road Realty, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

16.     Plaintiff RS Bardstown Realty, LLC is a Kentucky limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is RS Kentucky Real Property Associates, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

17.     Plaintiff RS Laurel Creek Realty, LLC is a Kentucky limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is RS Kentucky Real Property Associates, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

18.     Plaintiff RS Mountain View Realty, LLC is a Kentucky limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is RS Kentucky Real Property Associates, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

19.     Plaintiff Lesson Learned, LLC is a Massachusetts limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

20.     Plaintiff Pope Street Realty SPE, LLC is a Massachusetts limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

21.     Plaintiff Center Street Realty SPE, LLC is a Massachusetts limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

22.     Plaintiff Highland Ave Realty SPE, LLC is a Massachusetts limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

23.     Plaintiff HAR Capital Limited Liability Company is a Massachusetts limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

24.     Plaintiff Little Rock West Markham Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

25.     Plaintiff Little Rock Riley Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

26.     Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

27.     Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro

Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

28.     Plaintiff Highlands of Fort Smith Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

29.     Plaintiff Highlands of Mountain View SNF Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

30.     Plaintiff Highlands of Mountain View RCF Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

31.     Plaintiff Highlands of Rodgers Dixieland Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

32.     Plaintiff Highlands of Stamps Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

33.     Plaintiff Lindley Healthcare and Rehabilitation Center, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

34.     Plaintiff Madison Healthcare and Rehabilitation Center, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

35.     Plaintiff Heritage of Hot Springs Health and Rehab, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

36.     Plaintiff White Hall Holdings, LLC is an Arkansas limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

37.     Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC is a Kentucky limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is JS Kentucky Healthcare, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

38.     Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC is a Kentucky

limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is JS Kentucky Healthcare, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

39.     Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC is a Kentucky limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is JS Kentucky Healthcare, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

40.     Plaintiff Bedford Gardens Care and Rehabilitation Center, LLC is a Massachusetts limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

41.     Plaintiff Bedford Village Care and Rehabilitation Center, LLC is a Massachusetts limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Care Plus MA, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

42.     Plaintiff Hallmark Care and Rehabilitation Center, LLC; is a Massachusetts limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Joseph Schwartz, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

43. Plaintiff Dighton Care and Rehabilitation Center, LLC is a Massachusetts limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Care Plus MA, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

44. Plaintiff Highland Care and Rehabilitation Center, LLC is a Massachusetts limited liability company with its principal place of business located at 505 Marlboro Road, Woodridge, New Jersey. Its sole member is Care Plus MA, LLC which has Joseph Schwartz as its sole member, a natural person and citizen of New York with a principal address of 1859 54th Street, Brooklyn, New York.

45. Defendant Moishe Gubin is a natural person and citizen of Illinois.

46. Defendant Michael Blisko is a natural person and citizen of Illinois with a principal address of 2909 West Fitch Avenue, Chicago, Illinois.

47. Defendant 5720 West Markham Street, LLC is an Indiana limited liability company with its principal place of business located at 5720 West Markham Street, Little Rock, Arkansas. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

48. Defendant 8701 Riley Drive, LLC is an Indiana limited liability company with its principal place of business located at 8701 Riley Drive, Little Rock, Arkansas. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

49. Defendant 1516 Cumberland Street, LLC is an Indiana limited liability company

with its principal place of business located at 1516 S. Cumberland Street, Little Rock, Arkansas. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

50.     Defendant 2501 John Ashley Drive, LLC is an Indiana limited liability company with its principal place of business located at 2501 John Ashley Drive, Little Rock, Arkansas. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

51.     Defendant 5301 Wheeler Avenue, LLC is an Indiana limited liability company with its principal place of business located at 5301 Wheeler Avenue, Fort Smith, Arkansas. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

52.     Defendant 706 Oak Grove Street, LLC is an Indiana limited liability company with its principal place of business located at 706 Oak Grove Road, Mountain View, Arkansas. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

53.     Defendant 414 Massey Avenue, LLC is an Indiana limited liability company with its principal place of business located at 414 Massey Avenue, Mountain View, Arkansas. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who citizens of Illinois.

54.     Defendant 1513 South Dixieland Road, LLC is an Indiana limited liability company with its principal place of business located at 1513 S. Dixieland Road, Rogers, Arkansas. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which

has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

55.    Defendant 826 North Street, LLC is an Indiana limited liability company with its principal place of business located at 826 North Street, Stamps, Arkansas. Its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

56.    Defendant 326 Lindley Lane, LLC is an Indiana limited liability company with its principal place of business located at 326 Lindley Lane, Newport, Arkansas. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

57.    Defendant 2821 West Dixon Road, LLC is an Indiana limited liability company with its principal place of business located at 2821 West Dixon Road, Little Rock, Arkansas. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

58.    Defendant 552 Golf Links Road, LLC is an Indiana limited liability company with its principal place of business located at 552 Golf Links Road, Hot Springs, Arkansas. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

59.    Defendant 9209 Dollarway Road, LLC is an Indiana limited liability company with its principal place of business located at 9209 Dollarway Road, White Hall, Arkansas. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

60.    Defendant 120 Life Care Way, LLC is an Indiana limited liability company with

its principal place of business located at 120 Life Care Way, Bardstown, Kentucky. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

61.     Defendant 945 West Russell Street, LLC is an Indiana limited liability company with its principal place of business located at 945 West Russell Street, Elkhorn City, Kentucky. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

62.     Defendant 1033 North Highway 11, LLC is an Indiana limited liability company with its principal place of business located at 1033 North Highway 11, Manchester, Kentucky. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

63.     Defendant 4586 Acushnet Avenue, LLC is an Indiana limited liability company with its principal place of business located at 6101 Nimtz Parkway, South Bend, Indiana. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

64.     Defendant 9 Pope Street, LLC is an Indiana limited liability company with its principal place of business located at 6101 Nimtz Parkway, South Bend, Indiana. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

65.     Defendant 907 Center Street, LLC is an Indiana limited liability company with its principal place of business located at 6101 Nimtz Parkway, South Bend, Indiana. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe

Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

66.     Defendant 761 Highland Avenue, LLC is an Indiana limited liability company with its principal place of business located at 6101 Nimtz Parkway, South Bend, Indiana. Upon information and belief, its sole member is Strawberry Fields REIT, LLC which has Moishe Gubin and Michael Blisko as its two (2) members who are citizens of Illinois.

67.     Defendant 1123 Rockdale Avenue, LLC is an Indiana limited liability company with its principal place of business located at 6101 Nimtz Parkway, South Bend, Indiana. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

68.     Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC is an Indiana limited liability company with its principal place of business located at 5720 West Markham Street, Little Rock, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

69.     Defendant The Waters of Woodland Hills, LLC is an Indiana limited liability company with its principal place of business located at 8701 Riley Drive, Little Rock, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

70.     Defendant The Waters of Cumberland, LLC is an Indiana limited liability company with its principal place of business located at 1516 S. Cumberland Street, Little Rock, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

71.     Defendant The Waters of North Little Rock, LLC is an Indiana limited liability

company with its principal place of business located at 2501 John Ashley Drive, Little Rock, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

72.     Defendant The Waters of Fort Smith, LLC is an Indiana limited liability company with its principal place of business located at 5301 Wheeler Avenue, Fort Smith, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

73.     Defendant The Waters of Mountain View, LLC is an Indiana limited liability company with its principal place of business located at 706 Oak Grove Road, Mountain View, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

74.     Defendant Mountain View Residential Home – A Waters Community, LLC is an Indiana limited liability company with its principal place of business located at 414 Massey Avenue, Mountain View, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

75.     Defendant The Waters of Rogers, LLC is an Indiana limited liability company with its principal place of business located at 1513 S. Dixieland Road, Rogers, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

76.     Defendant The Waters of Stamps, LLC is an Indiana limited liability company with its principal place of business located at 826 North Street, Stamps, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are

citizens of Illinois.

77.     Defendant The Waters of Newport, LLC (*formerly known as* Lindley Healthcare and Rehabilitation Center) is an Indiana limited liability company with its principal place of business located at 326 Lindley Lane, Newport, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

78.     Defendant The Waters of West Dixon, LLC (*formerly known as* Madison Healthcare and Rehabilitation Center) is an Indiana limited liability company with its principal place of business located at 2821 West Dixon Road, Little Rock, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

79.     Defendant West Dixon Assisted Living – A Waters Community, LLC (*formerly known as* Madison Assisted Living Facility) is an Indiana limited liability company with its principal place of business located at 2821 West Dixon Road, Little Rock, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

80.     Defendant Hot Springs Nursing and Rehabilitation – A Waters Community, LLC (*formerly known as* Heritage of Hot Springs Health and Rehabilitation) is an Indiana limited liability company with its principal place of business located at 552 Golf Links Road, Hot Springs, Arkansas. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

81.     Defendant The Waters of White Hall, LLC is an Indiana limited liability company with its principal place of business located at 9209 Dollarway Road, White Hall, Arkansas. Upon

information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

82.     Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC is a Kentucky limited liability company with its principal place of business located at 120 Life Care Way, Bardstown, Kentucky. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

83.     Defendant Landmark of Laurel Creek Rehabilitation and Nursing Center, LLC is a Kentucky limited liability company with its principal place of business located at 1033 North Highway 11, Manchester, Kentucky. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

84.     Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC is a Kentucky limited liability company with its principal place of business located at 945 West Russell Street, Elkhorn City, Kentucky. Upon information and belief its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

85.     Defendant Strawberry Fields REIT, LLC is an Indiana limited liability company with its principal place of business located at 6101 Nimtz Parkway, South Bend, Indiana. Upon information and belief, its two (2) members are Moishe Gubin and Michael Blisko who are citizens of Illinois.

## JURISDICTION AND VENUE

86.     There is complete diversity between the parties pursuant to 28 U.S.C. § 1332 because Plaintiffs and Plaintiffs' members are citizens of New York, and Defendants and Defendants' members are citizens of Illinois.

87.     As set forth below and incorporated herein, the amount in controversy requirements of 28 U.S.C. § 1332 are satisfied in that there is more than $ 75,000.00 at issue, exclusive of costs and interest.

88.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), because Defendants Gubin and Blisko reside within this District.

### BACKGROUND

89.     Plaintiffs incorporate by reference paragraphs 1 through 88.

90.     In early 2018, Defendants Moishe Gubin and Michael Blisko sought to acquire, through limited liability companies, the operations of twenty-one (21) nursing home facilities from Plaintiffs which were located in Arkansas, Kentucky, and Massachusetts.

91.     In addition to acquiring the operations of the nursing home facilities, Defendants Moishe Gubin and Michael Blisko, through limited liability companies, also sought to acquire the real estate associated with the twenty-one (21) nursing home facilities.

92.     On or about May 15, 2018, and in furtherance of transferring the real estate associated with at the nursing home facilities, Plaintiffs 5720 West Markham Street Holdings, LLC; 8701 Riley Drive Holdings, LLC; 1516 S. Cumberland Street Holdings, LLC; 2501 John Ashley Drive Holdings, LLC; 5301 Wheeler Avenue Holdings, LLC; 706 Oak Grove Road Holdings, LLC; 414 Massey Avenue Holdings, LLC; 1513 S. Dixieland Road Holdings, LLC; 826 North Street Holdings, LLC; Newport Realty, LLC; Dixon Realty, LLC; 9209 Dollarway Road Realty, LLC; RS Bardstown Realty, LLC; RS Laurel Creek Realty, LLC; RS Mountain View Realty, LLC; Lesson Learned, LLC; Pope Street Realty, LLC; Center Street Realty, LLC; Highland Ave Realty SPE, LLC; and HAR Capital Limited Liability Company (collectively

"Sellers") and "the entities to be formed by Strawberry Fields REIT, LLC" which later became known as the following Defendants: 5720 West Markham Street, LLC; 8701 Riley Drive, LLC; 1516 Cumberland Street, LLC; 2501 John Ashley Drive, LLC; 5301 Wheeler Avenue, LLC; 706 Oak Grove Street, LLC; 414 Massey Avenue, LLC; 1513 South Dixieland Road, LLC; 826 North Street, LLC; 326 Lindley Lane, LLC; 2821 West Dixon Road, LLC; 552 Golf Links Road, LLC; 9209 Dollarway Road, LLC; 120 Life Care Way, LLC; 945 West Russell Street, LLC; 1033 North Highway 11, LLC; 4586 Acushnet Avenue, LLC; 9 Pope Street, LLC; 907 Center Street, LLC; 761 Highland Avenue, LLC; and 1123 Rockdale Avenue, LLC (collectively "Buyers") executed an Amended and Restated Master Asset Purchase Agreement in which Buyers agreed to purchase the real estate associated with the twenty-two (22) nursing home facilities described on Schedule 1 of the agreement. **See Attached Exhibit A.**

93.     Due to regulations which require approval from the relevant state agency before an official change of ownership can take place, it was agreed that ownership of the real estate would close first and be followed by the official transfer of each nursing home facility's operations ("OTAs") after approval was received from each state.

94.     For purposes of clarity, the transactions are grouped in the following manner: Arkansas I, Arkansas II, Kentucky, and Massachusetts.

### *Arkansas I*

95.     On or about May 25, 2018, nine (9) separate Asset Purchase Agreements (collectively "Arkansas I APAs") were executed by Plaintiffs 5720 West Markham Street Holdings, LLC; 8701 Riley Drive Holdings, LLC; 1516 S. Cumberland Street Holdings, LLC; 2501 John Ashley Drive Holdings, LLC; 5301 Wheeler Avenue Holdings, LLC; 706 Oak Grove

Road Holdings, LLC; 414 Massey Avenue Holdings, LLC; 1513 S. Dixieland Road Holdings, LLC; and 826 North Street Holdings, LLC ("collectively "Arkansas I Sellers") and Defendants 5720 West Markham Street, LLC; 8701 Riley Drive, LLC; 1516 Cumberland Street, LLC; 2501 John Ashley Drive, LLC; 5301 Wheeler Avenue, LLC; 706 Oak Grove Street, LLC; 414 Massey Avenue, LLC; 1513 South Dixieland Road, LLC; and 826 North Street, LLC (collectively "Arkansas I Buyers"), respectively. **See Attached Exhibit B; an executed and representative APA; one (1) of the nine (9) transactions.**

96.     With respect to the consideration required to be paid by Arkansas I Buyers to Arkansas I Sellers, section 3(a) of each of the Arkansas I APAs provide the following:

> Purchase Price. The purchase price ("Purchase Price") for the Purchased Assets shall be assumption of, or otherwise satisfying the debt on Schedule (a), subject to prorations as set forth herein.

97.     As Plaintiffs Joseph and Rosie Schwartz were personal guarantors on each of the debts which were to be assumed by Arkansas I Buyers, Defendant Gubin provided additional assurances to Plaintiffs Joseph and Rosie Schwartz that they would be indemnified should Arkansas I Buyers fail to fully assume the outstanding debt of Arkansas I Sellers.

98.     These additional assurances were memorialized in the Side Letter Agreement, dated May 15, 2018, which was executed by Defendant Gubin. **See Attached Exhibit C.**

99.     In August 2018 and in anticipation of the Arkansas Department of Health and Human Services approving the change of ownership, nine (9) separate Operations Transfer Agreements (collectively "Arkansas I OTAs") were executed by Plaintiffs Little Rock West Markham Holdings, LLC; Little Rock Riley Holdings, LLC; Highlands of Little Rock South Cumberland Holdings, LLC; Highlands of North Little Rock John Ashley Holdings, LLC;

Highlands of Fort Smith Holdings, LLC; Highlands of Mountain View SNF Holdings, LLC; Highlands of Mountain View CF Holdings, LLC; Highlands of Rogers Dixieland Holdings, LLC; and Highlands of Stamps Holdings, LLC (collectively "Old Arkansas I Operators") and Defendants Midtown Pot Acute and Rehabilitation – A Waters Community, LLC; The Waters of Woodland Hills, LLC; The Waters of Cumberland, LLC; The Waters of North Little Rock, LLC; The Waters of Fort Smith, LLC; The Waters of Mountain View, LLC; Mountain View Residential Home – A Waters Community, LLC; The Waters of Rogers, LLC; and The Waters of Stamps, LLC (collectively "New Arkansas I Operators"). **See Attached Exhibit D, an executed and representative OTA; one (1) of the nine (9) transactions.**

100.     In addition to the purchase price agreed to above in the Arkansas I APAs, section 9(a) of each Arkansas I OTA also required New Arkansas I Operators to submit payment to Old Arkansas I Operators based upon the following:

> Old Operator shall retain the right to collect all unpaid accounts receivable with respect to periods prior to Closing. If at any time after the Closing Date, New Operator shall receive any payment from any federal or state agency, which payment includes any reimbursement with respect to payments or underpayments made to Old Operator for services rendered prior to the Closing Date, then New Operator shall remit such payments to Old Operator. New Operator and Old Operator shall send copies of all Medicare and Medicaid remittance advises to the other party for purposes of recording and pursing accounts receivable for the period of twelve (12) months following the Closing Date and thereafter as reasonably requested by each party.

101.     To ensure that Old Arkansas I Operators could verify the accuracy of the payments due, section 11(b) of the Arkansas I OTAs provided the following:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal

business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

102.    On or about August 30, 2018, the sale closed for each of the properties subject to the Arkansas I APAs and those properties were transferred to Arkansas I Buyers.

103.    On or about January 23, 2019, the Arkansas Department of Health and Human Services approved the Change of Ownership Applications for all of the facilities located in Arkansas.

104.    Based upon this significant delay in approval, the parties executed an agreement to amend and supplement the Arkansas I OTAs which updated portions of the agreements but did not materially change the original agreements in any way. **See Attached Exhibit E**.

105.    Pursuant to section 9(a) of the Arkansas I OTAs, Old Arkansas I Operators are entitled to payment in an amount equal to the Accounts Receivable collected by New Arkansas I Operators which relate to all unpaid accounts receivable prior to January 23, 2019.

### *Arkansas II*

106.    On or about January 1, 2019, four (4) separate Asset Purchase Agreements (collectively "Arkansas II APAs") were executed by Plaintiffs Newport Realty, LLC; Dixon Realty, LLC; 552 Golf Links Road Realty, LLC; and 9209 Dollarway Road Realty, LLC (collectively "Arkansas II Sellers") and Defendants 326 Lindley Lane, LLC; 2821 West Dixon Road, LLC; 552 Golf Links Road, LLC; and 9209 Dollarway Road, LLC (collectively "Arkansas II Buyers"), respectively. **See Attached Exhibit F; an executed and representative APA; one**

- 28 -

**(1) of the four (4) transactions.**

107.    With respect to the consideration required to be paid by Arkansas II Buyers to Arkansas II Sellers, section 3(a) of each Arkansas II APA provides the following:

> Purchase Price. The purchase price ("Purchase Price") for the Purchased Assets shall be assumption of, or otherwise satisfying the debt on Schedule 3(a), subject to prorations as set forth herein. The parties shall use best efforts to agree upon a joint allocation of the Purchase Price, as set forth in Exhibit B attached hereto.

108.    In early 2019 and in anticipation of the Arkansas Department of Health and Human Services approving the change of ownership, four (4) separate Operations Transfer Agreements (collectively "Arkansas II OTAs") were executed by Plaintiffs Lindley Healthcare and Rehabilitation Center, LLC; Madison Healthcare and Rehabilitation Center, LLC; Heritage of Hot Springs Health and Rehab, LLC; and White Hall Holdings, LLC (collectively "Old Arkansas II Operators") and Defendants The Waters of Newport, LLC; Hot Springs Nursing and Rehabilitation – A Waters Community, LLC; The Waters of West Dixon, LLC; West Dixon Assisted Living – A Waters Community, LLC; and The Waters of White Hall, LLC (collectively "New Arkansas II Operators"), respectively. **See Attached Exhibit G; an executed and representative OTA; one (1) of the four (4) transactions.**

109.    In addition to the purchase price agreed to in the Arkansas II APAs, section 9(a) of each Arkansas II OTA also required New Arkansas II Operators to submit payment to Old Arkansas II Operators based upon the following:

> Old Operator shall retain the right to collect all unpaid accounts receivable with respect to periods prior to Closing. If at any time after the Closing Date, New Operator shall receive any payment from any federal or state agency, which payment includes any reimbursement with respect to payments or underpayments made to Old Operator for services rendered prior to the Closing Date,

> then New Operator shall remit such payments to Old Operator.
> New Operator and Old Operator shall send copies of all Medicare
> and Medicaid remittance advises to the other party for purposes of
> recording and pursing accounts receivable for the period of twelve
> (12) months following the Closing Date and thereafter as
> reasonably requested by each party.

110. To ensure that Old Arkansas II Operators could verify the accuracy of the payments due, section 11(b) of the Arkansas II OTAs provided the following:

> Subsequent to the Closing Date, New Operator shall allow Old
> Operator and its agents and representatives to have reasonable
> access to (upon reasonable prior notice and during normal
> business hours), and to make copies of, the books and records and
> supporting material of the Facility relating to the period prior to
> and including the Closing Date, at its own expense, to the extent
> reasonably necessary to enable Old Operator to investigate and
> defend malpractice, employee or other claims, to fil or defend cost
> reports and tax returns and to verify accounts receivable
> collections due to Old Operator.

111. On or about May 1, 2019, the sale closed for each of the four (4) properties subject to the Arkansas II APAs and those properties were transferred to Arkansas II Buyers.

112. On or about January 23, 2019, the Arkansas Department of Health and Human Services approved the Change of Ownership Applications for all of the facilities located in Arkansas.

113. Pursuant to section 9(a) of the Arkansas II OTAs, Old Arkansas II Operators are entitled to payment in an amount equal to the Accounts Receivable collected by New Arkansas II Operators which relate to all unpaid accounts receivable prior to May 1, 2019.

### *Kentucky*

114. On or about January 1, 2019, three (3) separate Asset Purchase Agreements (collectively "Kentucky APAs") were executed by RS Bardstown Realty, LLC; RS Laurel Creek

Realty, LLC; and RS Mountain View Realty, LLC (collectively "Kentucky Sellers") and 120 Life Care Way, LLC; 945 West Russel Street, LLC; and 1033 North Highway 11, LLC (collectively "Kentucky Buyers"), respectively. **See Attached Exhibit H; an executed and representative APA; one (1) of the three (3) transactions.**

115.     With respect to the consideration required to be paid by Kentucky Buyers to Kentucky Sellers, section 3(a) of each of the Kentucky APAs provide the following:

> Purchase Price. The purchase price ("Purchase Price") for the Purchased Assets shall be assumption of, or otherwise satisfying the debt on Schedule 3(a), subject to prorations as set forth herein. The parties shall use best efforts to agree upon a joint allocation of the Purchase Price, as set forth in Exhibit B attached hereto.

116.     On or about May 1, 2018 and in anticipation of the Kentucky Department of Health and Human Services approving the change of ownership, three (3) separate Operations Transfer Agreements (collectively "Kentucky OTAs") were executed by Bardstown Healthcare and Rehabilitation Center, LLC; Laurel Creek Healthcare and Rehabilitation Center, LLC; and Mountain View Healthcare and Rehabilitation Center, LLC (collectively "Old Kentucky Operators") and Landmark of Bardstown Rehabilitation Center and Nursing Center, LLC; Landmark of Laurel Creek Rehabilitation and Nursing Center, LLC; and Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC (collectively "New Kentucky Operators"), respectively. **See Attached Exhibit I; an executed and representative OTA; one (1) of the three (3) transactions.**

117.     In addition to the purchase price agreed to in the Kentucky APAs, section 9(a) of each Kentucky OTA also required New Kentucky Operators to submit payment to Old Kentucky Operators based upon the following:

> Old Operator shall retain the right to collect all unpaid accounts receivable with respect to periods prior to Closing. If at any time after the Closing Date, New Operator shall receive any payment from any federal or state agency, which payment includes any reimbursement with respect to payments or underpayments made to Old Operator for services rendered prior to the Closing Date, then New Operator shall remit such payments to Old Operator. New Operator and Old Operator shall send copies of all Medicare and Medicaid remittance advises to the other party for purposes of recording and pursing accounts receivable for the period of twelve (12) months following the Closing Date and thereafter as reasonably requested by each party.

118.    To ensure that Old Kentucky Operators could verify the accuracy of the payments due, section 11(b) of the Kentucky OTAs provided the following:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

119.    On or about February 12, 2019, the sale closed for each of the properties subject to the Kentucky APAs and those properties were transferred to Kentucky Buyers.

120.    In 2019, the Kentucky Department of Health and Family Services approved the Change of Ownership Applications for all of the facilities located in Kentucky.

121.    Pursuant to section 9(a) of the Kentucky OTAs, Old Kentucky Operators are entitled to payment in an amount equal to the Accounts Receivable collected by New Kentucky Operators which are to Old Kentucky Operators.

### *Massachusetts*

122.    On or about March 1, 2019, five (5) separate Asset Purchase Agreements (collectively "Massachusetts APAs") were entered into by Lesson Leaned, LLC; Pope Street Realty SPE, LLC; Center Street Realty SPE, LLC; Highland Ave Realty SPE, LLC; and HAR Capital Limited Liability Company (collectively "Massachusetts Sellers") and 4586 Acushnet Avenue, LLC; 9 Pope Street, LLC; 907 Center Street, LLC; 761 Highland Avenue, LLC; and 1123 Rockdale Avenue, LLC (collectively "Massachusetts Buyers"), respectively. **See Attached Exhibit L; a representative APA; one (1) of the five (5) transactions.**

123.    With respect to the consideration required to be paid by Massachusetts Buyers to Massachusetts Sellers, section 3(a) of each of the Massachusetts APAs provide the following:

> Purchase Price. The purchase price ("Purchase Price") for the Purchased Assets shall be assumption of, or otherwise satisfying the debt on Schedule 3(a), subject to prorations as set forth herein. The parties shall use best efforts to agree upon a joint allocation of the Purchase Price, as set forth in Exhibit B attached hereto.

124.    On or about March 1, 2019, Massachusetts Buyers began exerting ownership control of the five (5) skilled nursing facilities by, amongst other things, acting as a landlord with Vero Health (the entities operating the nursing home facilities at each of the locations), collecting accounts receivable due to Massachusetts Sellers, and assuming the mortgages of real associated with nursing home facilities.

125.    In or about March 2019, Massachusetts Buyers began wrongfully diverting Accounts Receivables, withholding management fees from Plaintiffs, and paying expenses without authorization.

## COUNT 1
### BREACH OF CONTRACT – 5720 MARKHAM STREET APA

126.    Plaintiffs incorporate by reference paragraphs 1 through 125.

127.    Plaintiff 5720 West Markham Street Holdings, LLC and Defendant 5720 West Markham Street, LLC entered into an agreement for the transfer of real estate located at 5720 West Markham Street, Little Rock, Arkansas for which Defendant 5720 West Markham Street, LLC was required to provide consideration to Plaintiff Little Rock West Markham Holdings, LLC for the transfer of this facility.

128.    Plaintiff 5720 West Markham Street Holdings, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 5720 West Markham Street, LLC.

129.    Defendant 5720 West Markham Street, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff 5720 West Markham Street Holdings, LLC as required under section 3(a) of the APA.

130.    As a result of Defendant 5720 West Markham Street, LLC's failure to perform its obligations under the agreement, Plaintiff 5720 West Markham Street Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 2
### RESCISSION OF 5720 MARKHAM STREET APA

131.    Plaintiffs incorporate by reference paragraphs 1 through 125.

132.    Defendant 5720 West Markham Street, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

133.    In February 2020, Plaintiff 5720 West Markham Street Holdings, LLC notified Defendant 5720 West Markham Street, LLC of the contract rescission and offered to restore all benefits that Plaintiff 5720 West Markham Street Holdings, LLC received from Defendant 5720 West Markham Street, LLC.

134.    Defendant 5720 West Markham Street, LLC has continuously failed to fully assume the debt of Plaintiff 5720 West Markham Street Holdings, LLC. Further, this transaction is indivisible from the 572 Markham Street OTA in which Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

135.    As a result of Defendant 5720 West Markham Street, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 3
### BREACH OF CONTRACT – 8701 RILEY DRIVE APA

136.    Plaintiffs incorporate by reference paragraphs 1 through 125.

137.    Plaintiff 8701 Riley Drive Holdings, LLC and Defendant 8701 Riley Drive, LLC entered into an agreement for the transfer of real estate located at 8701 Riley Drive, Little Rock, Arkansas for which Defendant 8701 Riley Drive, LLC was required to provide consideration to Plaintiff 8701 Riley Drive Holdings, LLC for the transfer of this facility.

138.    Plaintiff 8701 Riley Drive Holdings, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 8701 Riley Drive, LLC.

139.     Defendant 8701 Riley Drive, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff 8701 Riley Drive Holdings, LLC as required under section 3(a) of the APA.

140.     As a result of Defendant 8701 Riley Drive, LLC's failure to perform its obligations under the agreement, Plaintiff 8701 Riley Drive Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 4
### RESCISSION OF 8701 RILEY DRIVE APA

141.     Plaintiffs incorporate by reference paragraphs 1 through 125.

142.     Defendant 8701 Riley Drive, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

143.     In February 2020, Plaintiff 8701 Riley Drive Holdings, LLC notified Defendant 8701 Riley Drive, LLC of the contract rescission and offered to restore all benefits that Plaintiff 8701 Riley Drive Holdings, LLC received from Defendant 8701 Riley Drive, LLC.

144.     Defendant 8701 Riley Drive, LLC has continuously failed to fully assume the debt of Plaintiff 8701 Riley Drive Holdings, LLC. Further, this transaction is indivisible from the 8701 Riley Drive OTA in which Defendant The Waters of Woodland Hills, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

145.     As a result of Defendant 8701 Riley Drive, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 5
### BREACH OF CONTRACT – 1516 S. CUMBERLAND STREET APA

146.    Plaintiffs incorporate by reference paragraphs 1 through 125.

147.    Plaintiff 1516 S. Cumberland Street Holdings, LLC and Defendant 1516 Cumberland Street, LLC entered into an agreement for the transfer of real estate located at 1516 S. Cumberland Street, Little Rock, Arkansas for which Defendant 1516 Cumberland Street, LLC was required to provide consideration to Plaintiff 1516 S. Cumberland Street Holdings, LLC for the transfer of this facility.

148.    Plaintiff 1516 S. Cumberland Street Holdings, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 1516 Cumberland Street, LLC.

149.    Defendant 1516 Cumberland Street, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff 1516 S. Cumberland Street Holdings, LLC as required under section 3(a) of the APA.

150.    As a result of Defendant 1516 Cumberland Street, LLC's failure to perform its obligations under the agreement, Plaintiff 1516 S. Cumberland Street Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 6
### RESCISSION OF 1516 S. CUMBERLAND STREET APA

151.    Plaintiffs incorporate by reference paragraphs 1 through 125.

152.    Defendant 1516 Cumberland Street, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

- 37 -

153.    In February 2020, Plaintiff 1516 S. Cumberland Street Holdings, LLC notified Defendant 1516 Cumberland Street, LLC of the contract rescission and offered to restore all benefits that Plaintiff 1516 S. Cumberland Street Holdings, LLC received from Defendant 1516 Cumberland Street, LLC.

154.    Defendant 1516 Cumberland Street, LLC has continuously failed to fully assume the debt of Plaintiff 1516 S. Cumberland Street Holdings, LLC. Further, this transaction is indivisible from the 1516 S. Cumberland Street OTA in which Defendant The Waters of Cumberland, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

155.    As a result of Defendant 1516 Cumberland Street, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

### COUNT 7
### BREACH OF CONTRACT – 2501 JOHN ASHLEY DRIVE APA

156.    Plaintiffs incorporate by reference paragraphs 1 through 125.

157.    Plaintiff 2501 John Ashley Drive Holdings, LLC and Defendant 2501 John Ashley Drive, LLC entered into an agreement for the transfer of real estate located at 2501 John Ashley Drive, North Little Rock, Arkansas for which Defendant 2501 John Ashley Drive, LLC C was required to provide consideration to Plaintiff 2501 John Ashley Drive Holdings, LLC for the transfer of this facility.

158.    Plaintiff 2501 John Ashley Drive Holdings, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to

Defendant 2501 John Ashley Drive, LLC.

159.     Defendant 2501 John Ashley Drive, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff 2501 John Ashley Drive Holdings, LLC as required under section 3(a) of the APA.

160.     As a result of Defendant 2501 John Ashley Drive, LLC's failure to perform its obligations under the agreement, Plaintiff 2501 John Ashley Drive Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 8
## RESCISSION OF 2501 JOHN ASHLEY DRIVE APA

161.     Plaintiffs incorporate by reference paragraphs 1 through 125.

162.     Defendant 2501 John Ashley Drive, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

163.     In February 2020, Plaintiff 2501 John Ashley Drive Holdings, LLC notified Defendant 2501 John Ashley Drive, LLC of the contract rescission and offered to restore all benefits that Plaintiff 2501 John Ashley Drive Holdings, LLC received from Defendant 2501 John Ashley Drive, LLC.

164.     Defendant 2501 John Ashley Drive, LLC has continuously failed to fully assume the debt of Plaintiff 2501 John Ashley Drive Holdings, LLC. Further, this transaction is indivisible from the 2501 John Ashley Drive OTA in which Defendant The Waters of North Little Rock, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of

the APA.

165.    As a result of Defendant 2501 John Ashley Drive, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

### COUNT 9
### BREACH OF CONTRACT – 5301 WHEELER AVENUE APA

166.    Plaintiffs incorporate by reference paragraphs 1 through 125.

167.    Plaintiff 5301 Wheeler Avenue Holdings, LLC and Defendant 5301 Wheeler Avenue, LLC entered into an agreement for the transfer of real estate located at 5301 Wheeler Avenue, Fort Smith, Arkansas for which Defendant 5301 Wheeler Avenue, LLC was required to provide consideration to Plaintiff 5301 Wheeler Avenue Holdings, LLC for the transfer of this facility.

168.    Plaintiff 5301 Wheeler Avenue Holdings, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 5301 Wheeler Avenue, LLC.

169.    Defendant 5301 Wheeler Avenue, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff 5301 Wheeler Avenue Holdings, LLC as required under section 3(a) of the APA.

170.    As a result of Defendant 5301 Wheeler Avenue, LLC's failure to perform its obligations under the agreement, Plaintiff 5301 Wheeler Avenue Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

### COUNT 10
### RESCISSION OF 5301 WHEELER AVENUE APA

171.    Plaintiffs incorporate by reference paragraphs 1 through 125.

172.    Defendant 5301 Wheeler Avenue, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

173.    In February 2020, Plaintiff 5301 Wheeler Avenue Holdings, LLC notified Defendant 5301 Wheeler Avenue, LLC of the contract rescission and offered to restore all benefits that Plaintiff 5301 Wheeler Avenue Holdings, LLC received from Defendant 5301 Wheeler Avenue, LLC.

174.    Defendant 5301 Wheeler Avenue, LLC has continuously failed to fully assume the debt of Plaintiff 5301 Wheeler Avenue Holdings, LLC. Further, this transaction is indivisible from the 5301 Wheeler Avenue OTA in which Defendant The Waters of Fort Smith has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

175.    As a result of Defendant 5301 Wheeler Avenue, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

### COUNT 11
### BREACH OF CONTRACT – 706 OAK GROVE ROAD APA

176.    Plaintiffs incorporate by reference paragraphs 1 through 125.

177.    Plaintiff 706 Oak Grove Road Holdings, LLC and Defendant 706 Oak Grove Street, LLC entered into an agreement for the transfer of real estate located at 706 Oak Grove Road, Mountain View, Arkansas for which Defendant 706 Oak Grove Street, LLC was required to provide consideration to Plaintiff 706 Oak Grove Road Holdings, LLC for the transfer of this facility.

178. Plaintiff 706 Oak Grove Road Holdings, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 706 Oak Grove Street, LLC.

179. Defendant 706 Oak Grove Street, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff 706 Oak Grove Road Holdings, LLC as required under section 3(a) of the APA.

180. As a result of Defendant 706 Oak Grove Street, LLC's failure to perform its obligations under the agreement, Plaintiff 706 Oak Grove Road Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 12
### RESCISSION OF 706 OAK GROVE ROAD APA

181. Plaintiffs incorporate by reference paragraphs 1 through 125.

182. Defendant 706 Oak Grove Street, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

183. In February 2020, Plaintiff 706 Oak Grove Road Holdings, LLC notified Defendant 706 Oak Grove Street, LLC of the contract rescission and offered to restore all benefits that Plaintiff 706 Oak Grove Road Holdings, LLC received from Defendant 706 Oak Grove Street, LLC.

184. Defendant 706 Oak Grove Street, LLC has continuously failed to fully assume the debt of Plaintiff 706 Oak Grove Road Holdings, LLC. Further, this transaction is indivisible from the 706 Oak Grove Road OTA in which Defendant The Waters of Mountain View, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected,

retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

185.    As a result of Defendant 706 Oak Grove Street, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

**COUNT 13**
**BREACH OF CONTRACT – 414 MASSEY AVENUE APA**

186.    Plaintiffs incorporate by reference paragraphs 1 through 125.

187.    Plaintiff 414 Massey Avenue Holdings, LLC and Defendant 414 Massey Avenue, LLC entered into an agreement for the transfer of real estate located at 414 Massey Avenue, Mountain View, Arkansas for which Defendant 414 Massey Avenue, LLC was required to provide consideration to Plaintiff 414 Massey Avenue Holdings, LLC for the transfer of this facility.

188.    Plaintiff 414 Massey Avenue Holdings, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 414 Massey Avenue, LLC.

189.    Defendant 414 Massey Avenue, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff 414 Massey Avenue Holdings, LLC as required under section 3(a) of the APA.

190.    As a result of Defendant 414 Massey Avenue, LLC's failure to perform its obligations under the agreement, Plaintiff 414 Massey Avenue Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 14
### RESCISSION OF 414 MASSEY AVENUE APA

191.     Plaintiffs incorporate by reference paragraphs 1 through 125.

192.     Defendant 414 Massey Avenue, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

193.     In February 2020, Plaintiff 414 Massey Avenue Holdings, LLC notified Defendant 414 Massey Avenue, LLC of the contract rescission and offered to restore all benefits that Plaintiff 414 Massey Avenue Holdings, LLC received from Defendant 414 Massey Avenue, LLC.

194.     Defendant 414 Massey Avenue, LLC has continuously failed to fully assume the debt of Plaintiff 414 Massey Avenue Holdings, LLC. Further, this transaction is indivisible from the 414 Massey Avenue OTA in which Defendant Mountain View Residential Home – A Waters Community, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

195.     As a result of Defendant 414 Massey Avenue, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 15
### BREACH OF CONTRACT – 1513 S. DIXIELAND ROAD APA

196.     Plaintiffs incorporate by reference paragraphs 1 through 125.

197.     Plaintiff 1513 S. Dixieland Road Holdings, LLC and Defendant 1513 South

Dixieland Road, LLC entered into an agreement for the transfer of real estate located at 1513 S. Dixieland Road, Rogers, Arkansas for which Defendant 1513 South Dixieland Road, LLC was required to provide consideration to Plaintiff 1513 S. Dixieland Road Holdings, LLC for the transfer of this facility.

198.    Plaintiff 1513 S. Dixieland Road Holdings, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 1513 South Dixieland Road, LLC.

199.    Defendant 1513 South Dixieland Road, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff 1513 S. Dixieland Road Holdings, LLC as required under section 3(a) of the APA.

200.    As a result of Defendant 1513 South Dixieland Road, LLC's failure to perform its obligations under the agreement, Plaintiff 1513 S. Dixieland Road Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 16
### RESCISSION OF 1513 S. DIXIELAND ROAD APA

201.    Plaintiffs incorporate by reference paragraphs 1 through 125.

202.    Defendant 1513 South Dixieland Road, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

203.    In February 2020, Plaintiff 1513 S. Dixieland Road Holdings, LLC notified Defendant 1513 South Dixieland Road, LLC of the contract rescission and offered to restore all benefits that Plaintiff 1513 S. Dixieland Road Holdings, LLC received from Defendant 1513 South Dixieland Road, LLC.

204.     Defendant 1513 South Dixieland Road, LLC has continuously failed to fully assume the debt of Plaintiff 1513 S. Dixieland Road Holdings, LLC. Further, this transaction is indivisible from the 1513 S. Dixieland Road OTA in which Defendant The Waters of Rogers, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

205.     As a result of Defendant 1513 South Dixieland Road, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

### COUNT 17
### BREACH OF CONTRACT – 826 NORTH STREET APA

206.     Plaintiffs incorporate by reference paragraphs 1 through 125.

207.     Plaintiff 826 North Street Holdings, LLC and Defendant 826 North Street, LLC entered into an agreement for the transfer of real estate located at 826 North Street, Stamps, Arkansas for which Defendant 826 North Street, LLC was required to provide consideration to Plaintiff 826 North Street Holdings, LLC for the transfer of this facility.

208.     Plaintiff 826 North Street Holdings, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 826 North Street, LLC.

209.     Defendant 826 North Street, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff 826 North Street Holdings, LLC as required under section 3(a) of the APA.

210.     As a result of Defendant 826 North Street, LLC's failure to perform its obligations under the agreement, Plaintiff 826 North Street Holdings, LLC suffered damages in

an amount exceeding $ 75,000.00.

## COUNT 18
### RESCISSION OF 826 NORTH STREET APA

211.    Plaintiffs incorporate by reference paragraphs 1 through 125.

212.    Defendant 826 North Street, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

213.    In February 2020, Plaintiff 826 North Street Holdings, LLC notified Defendant 826 North Street, LLC of the contract rescission and offered to restore all benefits that Plaintiff 826 North Street Holdings, LLC received from 826 North Street, LLC.

214.    Defendant 826 North Street, LLC has continuously failed to fully assume the debt of Plaintiff 826 North Street Holdings, LLC. Further, this transaction is indivisible from the 826 North Street OTA in which Defendant The Waters of Stamps, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

215.    As a result of Defendant 826 North Street, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 19
### BREACH OF CONTRACT – SIDE LETTER AGREEMENT

216.    Plaintiffs incorporate by reference paragraphs 1 through 125.

217.    As and for additional consideration, Plaintiffs Joseph and Rosie Schwartz and Defendant Gubin entered into an agreement in connection with the Arkansas I APAs which

indemnified Plaintiffs Joseph and Rosie Schwartz should Arkansas I Buyers fail to fully assume the debts stated in the Agreements. **See Attached Exhibit C**.

218.    After each of the facilities was transferred to Arkansas I Buyers, they failed to fully assume the debts agreed to in the Arkansas I APAs, and creditors have collected on Plaintiffs Joseph and Rosie Schwartz's guarantees.

219.    As a result of Defendant Gubins's failure to perform his obligations under the Side Letter Agreement, Plaintiffs Joseph and Rosie Schwartz suffered damages in an amount exceeding $ 75,000.00.

220.    Plaintiffs Joseph and Rosie Schwartz are entitled to damages, pursuant to the Side Letter Agreement, from Defendant Gubin.

### COUNT 20
### BREACH OF CONTRACT – 326 LINDLEY LANE APA

221.    Plaintiffs incorporate by reference paragraphs 1 through 125.

222.    Plaintiff Newport Realty, LLC and Defendant 326 Lindley Lane, LLC entered into an agreement for the transfer of real estate located at 326 Lindley Lane, Newport, Arkansas for which Defendant 326 Lindley Lane, LLC was required to provide consideration to Plaintiff Newport Realty, LLC for the transfer of this facility.

223.    Plaintiff Newport Realty, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 326 Lindley Lane, LLC.

224.    Defendant 326 Lindley Lane, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff Newport Realty, LLC as required under section 3(a) of the APA.

225.    As a result of Defendant 326 Lindley Lane, LLC's failure to perform its obligations under the agreement, Plaintiff Newport Realty, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 21
### RESCISSION OF 326 LINDLEY LANE APA

226.    Plaintiffs incorporate by reference paragraphs 1 through 125.

227.    Defendant 326 Lindley Lane, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

228.    In February 2020, Plaintiff Newport Realty, LLC notified Defendant 326 Lindley Lane, LLC of the contract rescission and offered to restore all benefits that Plaintiff Newport Realty, LLC received from Defendant 326 Lindley Lane, LLC.

229.    Defendant 326 Lindley Lane, LLC has continuously failed to fully assume the debt of Plaintiff Newport Realty, LLC. Further, this transaction is indivisible from the 326 Lindley Lane OTA in which Defendant The Waters of Newport, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

230.    As a result of Defendant 326 Lindley Lane, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 22
### BREACH OF CONTRACT – 2821 WEST DIXON ROAD APA

231.    Plaintiffs incorporate by reference paragraphs 1 through 125.

232.     Plaintiff Dixon Realty, LLC and Defendant 2821 West Dixon Road, LLC entered into an agreement for the transfer of real estate located at 2821 West Dixon Road, Little Rock, Arkansas for which Defendant 2821 West Dixon Road, LLC was required to provide consideration to Plaintiff Dixon Realty, LLC for the transfer of this facility.

233.     Plaintiff Dixon Realty, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 2821 West Dixon Road, LLC.

234.     Defendant 2821 West Dixon Road, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff Dixon Realty, LLC as required under section 3(a) of the APA.

235.     As a result of Defendant 2821 West Dixon Road, LLC's failure to perform its obligations under the agreement, Plaintiff Dixon Realty, LLC suffered damages in an amount exceeding $ 75,000.00.

**COUNT 23**
**RESCISSION OF 2821 WEST DIXON ROAD APA**

236.     Plaintiffs incorporate by reference paragraphs 1 through 125.

237.     Defendant 2821 West Dixon Road, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

238.     In February 2020, Plaintiff Dixon Realty, LLC notified Defendant 2821 West Dixon Road, LLC of the contract rescission and offered to restore all benefits that Plaintiff Dixon Realty, LLC received from Defendant 2821 West Dixon Road, LLC.

239.     Defendant 2821 West Dixon Road, LLC has continuously failed to fully assume

the debt of Plaintiff Dixon Realty, LLC. Further, this transaction is indivisible from the 2821 West Dixon Road OTA in which Defendants West Dixon Assisted Living – A Waters Community, LLC and The Waters of West Dixon, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

240.    As a result of Defendant 2821 West Dixon Road, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 24
## BREACH OF CONTRACT – 552 GOLF LINKS ROAD APA

241.    Plaintiffs incorporate by reference paragraphs 1 through 125.

242.    Plaintiff 552 Golf Links Road Realty, LLC and Defendant 552 Golf Links Road, LLC entered into an agreement for the transfer of real estate located at 552 Golf Links Road, Hot Springs, Arkansas for which Defendant 552 Golf Links Road, LLC was required to provide consideration to Plaintiff 552 Golf Links Road Realty, LLC for the transfer of this facility.

243.    Plaintiff 552 Golf Links Road Realty, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 552 Golf Links Road, LLC.

244.    Defendant 552 Golf Links Road, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff 552 Golf Links Road Realty, LLC as required under section 3(a) of the APA.

245.    As a result of Defendant 552 Golf Links Road, LLC's failure to perform its obligations under the agreement, Plaintiff 552 Golf Links Road Realty, LLC suffered damages in

an amount exceeding $ 75,000.00.

## COUNT 25
### RESCISSION OF 552 GOLF LINKS ROAD APA

246.    Plaintiffs incorporate by reference paragraphs 1 through 125.

247.    Defendant 552 Golf Links Road, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

248.    In February 2020, Plaintiff 552 Golf Links Road Realty, LLC notified Defendant 552 Golf Links Road, LLC of the contract rescission and offered to restore all benefits that Plaintiff 552 Golf Links Road Realty, LLC received from Defendant 552 Golf Links Road, LLC.

249.    Defendant 552 Golf Links Road, LLC has continuously failed to fully assume the debt of Plaintiff 552 Golf Links Road Realty, LLC. Further, this transaction is indivisible from the 552 Golf Links Road OTA in which Defendant Hot Springs Nursing and Rehabilitation – A Waters Community, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

250.    As a result of Defendant 552 Golf Links Road, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 26
### BREACH OF CONTRACT – 9209 DOLLARWAY ROAD APA

251.    Plaintiffs incorporate by reference paragraphs 1 through 125.

252.    Plaintiff 9209 Dollarway Road Realty, LLC and Defendant 9209 Dollarway

Road, LLC entered into an agreement for the transfer of real estate located at 9209 Dollarway Road, White Hall, Arkansas for which Defendant 9209 Dollarway Road, LLC was required to provide consideration to Plaintiff 9209 Dollarway Road Realty, LLC for the transfer of this facility.

253.   Plaintiff 9209 Dollarway Road Realty, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 9209 Dollarway Road, LLC.

254.   Defendant 9209 Dollarway Road, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff 9209 Dollarway Road Realty, LLC as required under section 3(a) of the APA.

255.   As a result of Defendant 9209 Dollarway Road, LLC's failure to perform its obligations under the agreement, Plaintiff 9209 Dollarway Road Realty, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 27
### RESCISSION OF 9209 DOLLARWAY ROAD APA

256.   Plaintiffs incorporate by reference paragraphs 1 through 125.

257.   Defendant 9209 Dollarway Road, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

258.   In February 2020, Plaintiff 9209 Dollarway Road Realty, LLC notified Defendant 9209 Dollarway Road, LLC of the contract rescission and offered to restore all benefits that Plaintiff 9209 Dollarway Road Realty, LLC received from Defendant 9209 Dollarway Road, LLC.

259.     Defendant 9209 Dollarway Road, LLC has continuously failed to fully assume the debt of Plaintiff 9209 Dollarway Road Realty, LLC. Further, this transaction is indivisible from the 9209 Dollarway Road OTA in which Defendant The Waters of White Hall, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

260.     As a result of Defendant 9209 Dollarway Road, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 28
## BREACH OF CONTRACT – 120 LIFE CARE WAY APA

261.     Plaintiffs incorporate by reference paragraphs 1 through 125.

262.     Plaintiff RS Bardstown Realty, LLC and Defendant 120 Life Care Way, LLC entered into an agreement for the transfer of real estate located at 120 Life Care Way, Bardstown, Kentucky for which Defendant 120 Life Care Way, LLC was required to provide consideration to Plaintiff RS Bardstown Realty, LLC for the transfer of this facility.

263.     Plaintiff RS Bardstown Realty, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 120 Life Care Way, LLC.

264.     Defendant 120 Life Care Way, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff RS Bardstown Realty, LLC as required under section 3(a) of the APA.

265.     As a result of Defendant 120 Life Care Way, LLC's failure to perform its obligations under the agreement, Plaintiff RS Bardstown Realty, LLC suffered damages in an

amount exceeding $ 75,000.00.

## COUNT 29
### RESCISSION OF 120 LIFE CARE WAY APA

266.     Plaintiffs incorporate by reference paragraphs 1 through 125.

267.     Defendant 120 Life Care Way, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

268.     In February 2020, Plaintiff RS Bardstown Realty, LLC notified Defendant 120 Life Care Way, LLC of the contract rescission and offered to restore all benefits that Plaintiff RS Bardstown Realty, LLC received from Defendant 120 Life Care Way, LLC.

269.     Defendant 120 Life Care Way, LLC has continuously failed to fully assume the debt of Plaintiff RS Bardstown Realty, LLC. Further, this transaction is indivisible from the 120 Life Care Way OTA in which Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

270.     As a result of Defendant 120 Life Care Way, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 30
### BREACH OF CONTRACT – 945 WEST RUSSELL STREET APA

271.     Plaintiffs incorporate by reference paragraphs 1 through 125.

272.     Plaintiff RS Laurel Creek Realty, LLC and Defendant 945 West Russell Street,

LLC entered into an agreement for the transfer of real estate located at 945 West Russell Street, Elkhorn City, Kentucky for which Defendant 945 West Russell Street, LLC was required to provide consideration to Plaintiff RS Laurel Creek Realty, LLC for the transfer of this facility.

273.    Plaintiff RS Laurel Creek Realty, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 945 West Russell Street, LLC.

274.    Defendant 945 West Russell Street, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff RS Laurel Creek Realty, LLC as required under section 3(a) of the APA.

275.    As a result of Defendant 945 West Russell Street, LLC's failure to perform its obligations under the agreement, Plaintiff RS Laurel Creek Realty, LLC suffered damages in an amount exceeding $ 75,000.00.

### COUNT 31
### RESCISSION OF 945 WEST RUSSELL STREET APA

276.    Plaintiffs incorporate by reference paragraphs 1 through 125.

277.    Defendant 945 West Russell Street, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

278.    In February 2020, Plaintiff RS Laurel Creek Realty, LLC notified Defendant 945 West Russell Street, LLC of the contract rescission and offered to restore all benefits that Plaintiff RS Laurel Creek Realty, LLC received from Defendant 945 West Russell Street, LLC.

279.    Defendant 945 West Russell Street, LLC has continuously failed to fully assume the debt of Plaintiff RS Laurel Creek Realty, LLC. Further, this transaction is indivisible from

the 945 West Russell Street OTA in which Defendant Landmark of Laurel Creek Rehabilitation and Nursing Center, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

280.    As a result of Defendant 945 West Russell Street, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 32
### BREACH OF CONTRACT – 1033 NORTH HIGHWAY 11 APA

281.    Plaintiffs incorporate by reference paragraphs 1 through 125.

282.    Plaintiff RS Mountain View Realty, LLC and Defendant 1033 North Highway 11, LLC entered into an agreement for the transfer of real estate located at 1033 North Highway 11, Manchester, Kentucky for which Defendant 1033 North Highway 11, LLC was required to provide consideration to Plaintiff RS Mountain View Realty, LLC for the transfer of this facility.

283.    Plaintiff RS Mountain View Realty, LLC fully performed all its obligations under the agreement and transferred its ownership interests in the facilities to Defendant 1033 North Highway 11, LLC.

284.    Defendant 1033 North Highway 11, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff RS Mountain View Realty, LLC as required under section 3(a) of the APA.

285.    As a result of Defendant 1033 North Highway 11, LLC's failure to perform its obligations under the agreement, Plaintiff RS Mountain View Realty, LLC suffered damages in an amount exceeding $ 75,000.00.

**COUNT 33**
**RESCISSION OF 1033 NORTH HIGHWAY 11 APA**

286.     Plaintiffs incorporate by reference paragraphs 1 through 125.

287.     Defendant 1033 North Highway 11, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

288.     In February 2020, Plaintiff RS Mountain View Realty, LLC notified Defendant 1033 North Highway 11, LLC of the contract rescission and offered to restore all benefits that Plaintiff RS Mountain View Realty, LLC received from Defendant 1033 North Highway 11, LLC.

289.     Defendant 1033 North Highway 11, LLC has continuously failed to fully assume the debt of Plaintiff RS Mountain View Realty, LLC. Further, this transaction is indivisible from the 1033 North Highway 11 OTA in which Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC has failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

290.     As a result of Defendant 1033 North Highway 11, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

**COUNT 34**
**BREACH OF CONTRACT – 4586 ACUSHNET AVENUE APA**

291.     Plaintiffs incorporate by reference paragraphs 1 through 125.

292.     Plaintiff Lesson Learned, LLC and Defendant 4586 Acushnet Avenue, LLC

entered into an agreement for the transfer of real estate located at 4586 Acushnet Avenue, New Bedford, Massachusetts for which Defendant 4586 Acushnet Avenue, LLC was required to provide consideration to Plaintiff Lesson Learned, LLC for the transfer of this facility.

293.     Plaintiff Lesson Learned, LLC fully performed all its obligations under the agreement and Defendant 4586 Acushnet Avenue, LLC began exerting ownership control over the real estate.

294.     Defendant 4586 Acushnet Avenue, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff Lesson Learned, LLC as required under section 3(a) of the APA.

295.     As a result of Defendant 4586 Acushnet Avenue, LLC's failure to perform its obligations under the agreement, Plaintiff Lesson Learned, LLC suffered damages in an amount exceeding $ 75,000.00.

COUNT 35
BREACH OF CONTRACT – 9 POPE STREET APA

296.     Plaintiffs incorporate by reference paragraphs 1 through 125.

297.     Plaintiff Pope Street Realty SPE, LLC and Defendant 9 Pope Street, LLC entered into an agreement for the transfer of real estate located at 9 Pope Street, New Bedford, Massachusetts for which Defendant 9 Pope Street, LLC was required to provide consideration to Plaintiff Pope Street Realty SPE, LLC for the transfer of this facility.

298.     Plaintiff Pope Street Realty SPE, LLC fully performed all its obligations under the agreement and Defendant 9 Pope Street, LLC began exerting ownership control over the real estate.

299.     Defendant 9 Pope Street, LLC failed to perform its obligation under the

agreement to fully assume the stated debt of Plaintiff Pope Street Realty SPE, LLC as required under section 3(a) of the APA.

300.    As a result of Defendant 9 Pope Street, LLC's failure to perform its obligations under the agreement, Plaintiff Pope Street Realty SPE, LLC suffered damages in an amount exceeding $ 75,000.00.

**COUNT 36**
**BREACH OF CONTRACT – 1123 ROCKDALE AVENUE APA**

301.    Plaintiffs incorporate by reference paragraphs 1 through 125.

302.    Plaintiff HAR Capital Limited Liability Company and Defendant 1123 Rockdale Avenue, LLC entered into an agreement for the transfer of real estate located at 1123 Rockdale Avenue, New Bedford, Massachusetts for which Defendant 1123 Rockdale Avenue, LLC was required to provide consideration to Plaintiff HAR Capital Limited Liability Company for the transfer of this facility.

303.    Plaintiff HAR Capital Limited Liability Company fully performed all its obligations under the agreement and Defendant 1123 Rockdale Avenue, LLC began exerting ownership control over the real estate.

304.    Defendant 1123 Rockdale Avenue, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff HAR Capital Limited Liability Company as required under section 3(a) of the APA.

305.    As a result of Defendant 1123 Rockdale Avenue, LLC's failure to perform its obligations under the agreement, Plaintiff HAR Capital Limited Liability Company suffered damages in an amount exceeding $ 75,000.00.

## COUNT 37
### BREACH OF CONTRACT – 907 CENTER STREET APA

306.    Plaintiffs incorporate by reference paragraphs 1 through 125.

307.    Plaintiff Center Street Realty SPE, LLC and Defendant 907 Center Street, LLC entered into an agreement for the transfer of real estate located at 907 Center Street, North Dighton, Massachusetts for which Defendant 907 Center Street, LLC was required to provide consideration to Plaintiff Center Street Realty SPE, LLC for the transfer of this facility.

308.    Plaintiff Center Street Realty SPE, LLC fully performed all its obligations under the agreement and Defendant 907 Center Street, LLC began exerting ownership control over the real estate.

309.    Defendant 907 Center Street, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff Center Street Realty SPE, LLC as required under section 3(a) of the APA.

310.    As a result of Defendant 907 Center Street, LLC's failure to perform its obligations under the agreement, Plaintiff Center Street Realty SPE, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 38
### BREACH OF CONTRACT – 761 HIGHLAND AVENUE APA

311.    Plaintiffs incorporate by reference paragraphs 1 through 125.

312.    Plaintiff Highland Ave Realty SPE, LLC and Defendant 761 Highland Avenue, LLC entered into an agreement for the transfer of real estate located at 761 Highland Avenue, Fall River, Massachusetts for which Defendant 761 Highland Avenue, LLC was required to provide consideration to Plaintiff Highland Ave Realty SPE, LLC for the transfer of this facility.

313. Plaintiff Highland Ave Realty SPE, LLC fully performed all its obligations under the agreement and Defendant 761 Highland Avenue, LLC began exerting ownership control over the real estate.

314. Defendant 761 Highland Avenue, LLC failed to perform its obligation under the agreement to fully assume the stated debt of Plaintiff Highland Ave Realty SPE, LLC as required under section 3(a) of the APA.

315. As a result of Defendant 761 Highland Avenue, LLC's failure to perform its obligations under the agreement, Plaintiff Highland Ave Realty SPE, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 39
### BREACH OF CONTRACT – 5720 WEST MARKHAM STREET OTA

316. Plaintiffs incorporate by reference paragraphs 1 through 125.

317. Plaintiff Little Rock West Markham Holdings, LLC and Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 5720 West Markham Street, Little Rock, Arkansas for which Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC was required to provide consideration to Plaintiff Little Rock West Markham Holdings, LLC for the transfer of this facility.

318. On or about January 23, 2019, Plaintiff Little Rock West Markham Holdings, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC.

319. Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC

failed to perform its obligation under the agreement to permit Plaintiff Little Rock West Markham Holdings, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

320. As a result of Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC's failure to perform its obligation under the agreement, Plaintiff Little Rock West Markham Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

**COUNT 40**
**ACCOUNTING – 5720 WEST MARKHAM STREET**

321. Plaintiffs incorporate by reference paragraphs 1 through 125.

322. Section 11(b) of the OTA requires that Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC provide Plaintiff Little Rock West Markham Holdings, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Little Rock West Markham Holdings, LLC.

323. Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

324. Plaintiff Little Rock West Markham Holdings, LLC fully performed all of its obligations under the OTA.

325. Despite Plaintiff Little Rock West Markham Holdings, LLC's compliance and

full performance, Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Little Rock West Markham Holdings, LLC.

326.    Upon information and belief, Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC withheld or wrongfully offset funds due to Plaintiff Little Rock West Markham Holdings, LLC.

327.    Despite Plaintiff Little Rock West Markham Holdings, LLC's demands and prior requests, Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC failed to provide Plaintiff Little Rock West Markham Holdings, LLC access to the books and records.

328.    Accordingly, Plaintiff Little Rock West Markham Holdings, LLC requests an order from this Court requiring Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC provide access to its books and records.

329.    Plaintiff Little Rock West Markham Holdings, LLC is prepared to retain a forensic account to conduct this accounting.

### COUNT 41
### RESCISSION OF 5720 WEST MARKHAM STREET OTA

330.    Plaintiffs incorporate by reference paragraphs 1 through 125.

331.    Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

332.    In February 2020, Plaintiff Little Rock West Markham Holdings, LLC notified Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC of the contract

rescission and offered to restore all benefits that Plaintiff Little Rock West Markham Holdings, LLC received from Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC.

333.    Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

334.    As a result of Defendant Midtown Post Acute and Rehabilitation – A Waters Community, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 42
### BREACH OF CONTRACT – 8701 RILEY DRIVE OTA

335.    Plaintiffs incorporate by reference paragraphs 1 through 125.

336.    Plaintiff Little Rock Riley Holdings, LLC and Defendant The Waters of Woodland Hills, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 8701 Riley Drive, Little Rock, Arkansas for which Defendant The Waters of Woodland Hills, LLC was required to provide consideration to Plaintiff Little Rock Riley Holdings, LLC for the transfer of this facility.

337.    On or about January 23, 2019, Plaintiff Little Rock Riley Holdings, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant The Waters of Woodland Hills, LLC.

338.    Defendant The Waters of Woodland Hills, LLC failed to perform its obligation

under the agreement to permit Plaintiff Little Rock Riley Holdings, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

339.     As a result of Defendant The Waters of Woodland Hills, LLC's failure to perform its obligation under the agreement, Plaintiff Little Rock Riley Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 43
### ACCOUNTING – 8701 RILEY DRIVE

340.     Plaintiffs incorporate by reference paragraphs 1 through 125.

341.     Section 11(b) of the OTA requires that Defendant The Waters of Woodland Hills, LLC provide Plaintiff Little Rock Riley Holdings, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Little Rock Riley Holdings, LLC.

342.     Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

343.     Plaintiff Little Rock Riley Holdings, LLC fully performed all of its obligations under the OTA.

344.     Despite Plaintiff Little Rock Riley Holdings, LLC's compliance and full performance, Defendant The Waters of Woodland Hills, LLC failed to transfer Accounts

Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Little Rock Riley Holdings, LLC.

345.     Upon information and belief, Defendant The Waters of Woodland Hills, LLC withheld or wrongfully offset funds due to Plaintiff Little Rock Riley Holdings, LLC.

346.     Despite Plaintiff Little Rock Riley Holdings, LLC's demands and prior requests, Defendant The Waters of Woodland Hills, LLC failed to provide Plaintiff Little Rock Riley Holdings, LLC access to the books and records.

347.     Accordingly, Plaintiff Little Rock Riley Holdings, LLC requests an order from this Court requiring Defendant The Waters of Woodland Hills, LLC provide access to its books and records.

348.     Plaintiff Little Rock Riley Holdings, LLC is prepared to retain a forensic account to conduct this accounting.

## COUNT 44
### RESCISSION OF 8701 RILEY DRIVE OTA

349.     Plaintiffs incorporate by reference paragraphs 1 through 125.

350.     Defendant The Waters of Woodland Hills, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

351.     In February 2020, Plaintiff Little Rock Riley Holdings, LLC notified Defendant The Waters of Woodland Hills, LLC of the contract rescission and offered to restore all benefits that Plaintiff Little Rock Riley Holdings, LLC received from Defendant The Waters of Woodland Hills, LLC.

352.     Defendant The Waters of Woodland Hills, LLC has continuously failed to allow a

review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

353.    As a result of Defendant The Waters of Woodland Hills, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

**COUNT 45**
**BREACH OF CONTRACT – 1516 S. CUMBERLAND STREET OTA**

354.    Plaintiffs incorporate by reference paragraphs 1 through 125.

355.    Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC and Defendant The Waters of Cumberland, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 1516 Cumberland Street, Little Rock, Arkansas for which Defendant The Waters of Cumberland, LLC was required to provide consideration to Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC for the transfer of this facility.

356.    On or about January 23, 2019, Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant The Waters of Cumberland, LLC.

357.    Defendant The Waters of Cumberland, LLC failed to perform its obligation under the agreement to permit Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

358.    As a result of Defendant The Waters of Cumberland, LLC's failure to perform its obligation under the agreement, Plaintiff Highlands of Little Rock South Cumberland Holdings,

LLC suffered damages in an amount exceeding $ 75,000.00.

### COUNT 46
### ACCOUNTING – 1516 S. CUMBERLAND STREET

359.    Plaintiffs incorporate by reference paragraphs 1 through 125.

360.    Section 11(b) of the OTA requires that Defendant The Waters of Cumberland, LLC provide Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC.

361.    Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

362.    Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC fully performed all of its obligations under the OTA.

363.    Despite Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC's compliance and full performance, Defendant The Waters of Cumberland, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC.

364.    Upon information and belief, Defendant The Waters of Cumberland, LLC withheld or wrongfully offset funds due to Plaintiff Highlands of Little Rock South Cumberland

Holdings, LLC.

365.     Despite Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC's demands and prior requests, Defendant The Waters of Cumberland, LLC failed to provide Old Operators access to the books and records.

366.     Accordingly, Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC requests an order from this Court requiring Defendant The Waters of Cumberland, LLC provide access to its books and records.

367.     Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC is prepared to retain a forensic account to conduct this accounting.

**COUNT 47**
**RESCISSION OF 1516 S. CUMBERLAND STREET OTA**

368.     Plaintiffs incorporate by reference paragraphs 1 through 125.

369.     Defendant The Waters of Cumberland, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

370.     In February 2020, Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC notified Defendant The Waters of Cumberland, LLC of the contract rescission and offered to restore all benefits that Plaintiff Highlands of Little Rock South Cumberland Holdings, LLC received from Defendant The Waters of Cumberland, LLC.

371.     Defendant The Waters of Cumberland, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

372.     As a result of Defendant The Waters of Cumberland, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

**COUNT 48**
**BREACH OF CONTRACT – 2501 JOHN ASHLEY DRIVE OTA**

373.     Plaintiffs incorporate by reference paragraphs 1 through 125.

374.     Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC and Defendant The Waters of North Little Rock, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 2501 John Ashley Drive, North Little Rock, Arkansas for which Defendant The Waters of North Little Rock, LLC was required to provide consideration to Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC for the transfer of this facility.

375.     On or about January 23, 2019, Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant The Waters of North Little Rock, LLC.

376.     Defendant The Waters of North Little Rock, LLC failed to perform its obligation under the agreement to permit Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

377.     As a result of Defendant The Waters of North Little Rock, LLC's failure to perform its obligation under the agreement, Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

**COUNT 49**
**ACCOUNTING– 2501 JOHN ASHLEY DRIVE**

378.     Plaintiffs incorporate by reference paragraphs 1 through 125.

379.     Section 11(b) of the OTA requires that Defendant The Waters of North Little Rock, LLC provide Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC.

380.     Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

381.     Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC fully performed all of its obligations under the OTA.

382.     Despite Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC's compliance and full performance, Defendant The Waters of North Little Rock, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC.

383.     Upon information and belief, Defendant The Waters of North Little Rock, LLC withheld or wrongfully offset funds due to Old Operators.

384.     Despite Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC's demands and prior requests, Defendant The Waters of North Little Rock, LLC failed to provide Old Operators access to the books and records.

385.     Accordingly, Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC requests an order from this Court requiring Defendant The Waters of North Little Rock, LLC provide access to its books and records.

386.     Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC is prepared to retain a forensic account to conduct this accounting.

## COUNT 50
### RESCISSION OF 2501 JOHN ASHLEY DRIVE OTA

387.     Plaintiffs incorporate by reference paragraphs 1 through 125.

388.     Defendant The Waters of North Little Rock, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

389.     In February 2020, Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC notified Defendant The Waters of North Little Rock, LLC of the contract rescission and offered to restore all benefits that Plaintiff Highlands of North Little Rock John Ashley Holdings, LLC received from Defendant The Waters of North Little Rock, LLC.

390.     Defendant The Waters of North Little Rock, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

391.     As a result of Defendant The Waters of North Little Rock, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

**COUNT 51**
**BREACH OF CONTRACT – 5301 WHEELER AVENUE OTA**

392.     Plaintiffs incorporate by reference paragraphs 1 through 125.

393.     Plaintiff Highlands of Fort Smith Holdings, LLC and Defendant The Waters of Fort Smith, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 5301 Wheeler Avenue, Fort Smith, Arkansas for which Defendant The Waters of Fort Smith, LLC was required to provide consideration to Plaintiff Highlands of Fort Smith Holdings, LLC for the transfer of this facility.

394.     On or about January 23, 2019, Plaintiff Highlands of Fort Smith Holdings, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant The Waters of Fort Smith, LLC.

395.     Defendant The Waters of Fort Smith, LLC failed to perform its obligation under the agreement to permit Plaintiff Highlands of Fort Smith Holdings, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

396.     As a result of Defendant The Waters of Fort Smith, LLC's failure to perform its obligation under the agreement, Plaintiff Highlands of Fort Smith Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

**COUNT 52**
**ACCOUNTING – 5301 WHEELER AVENUE**

397.     Plaintiffs incorporate by reference paragraphs 1 through 125.

398.     Section 11(b) of the OTA requires that Defendant The Waters of Fort Smith, LLC

provide Plaintiff Highlands of Fort Smith Holdings, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Highlands of Fort Smith Holdings, LLC.

399.     Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

400.     Plaintiff Highlands of Fort Smith Holdings, LLC fully performed all of its obligations under the OTA.

401.     Despite Plaintiff Highlands of Fort Smith Holdings, LLC's compliance and full performance, Defendant The Waters of Fort Smith, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Highlands of Fort Smith Holdings, LLC.

402.     Upon information and belief, Defendant The Waters of Fort Smith, LLC withheld or wrongfully offset funds due to Plaintiff Highlands of Fort Smith Holdings, LLC.

403.     Despite Plaintiff Highlands of Fort Smith Holdings, LLC's demands and prior requests, Defendant The Waters of Fort Smith, LLC failed to provide Plaintiff Highlands of Fort Smith Holdings, LLC access to the books and records.

404.     Accordingly, Plaintiff Highlands of Fort Smith Holdings, LLC requests an order from this Court requiring Defendant The Waters of Fort Smith, LLC provide access to its books

and records.

405.    Plaintiff Highlands of Fort Smith Holdings, LLC are prepared to retain a forensic account to conduct this accounting.

**COUNT 53**
**RESCISSION OF 5301 WHEELER AVENUE OTA**

406.    Plaintiffs incorporate by reference paragraphs 1 through 125.

407.    Defendant The Waters of Fort Smith, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

408.    In February 2020, Plaintiff Highlands of Fort Smith Holdings, LLC notified Defendant The Waters of Fort Smith, LLC of the contract rescission and offered to restore all benefits that Plaintiff Highlands of Fort Smith Holdings, LLC received from Defendant The Waters of Fort Smith, LLC.

409.    Defendant The Waters of Fort Smith, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

410.    As a result of Defendant The Waters of Fort Smith, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

**COUNT 54**
**BREACH OF CONTRACT – 706 OAK GROVE ROAD OTA**

411.    Plaintiffs incorporate by reference paragraphs 1 through 125.

412.    Plaintiff Highlands of Mountain View SNF Holdings, LLC and Defendant The

Waters of Mountain View, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 706 Oak Grove Street, Mountain View, Arkansas for which Defendant The Waters of Mountain View, LLC was required to provide consideration to Plaintiff Highlands of Mountain View SNF Holdings, LLC for the transfer of this facility.

413.    On or about January 23, 2019, Plaintiff Highlands of Mountain View SNF Holdings, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant The Waters of Mountain View, LLC.

414.    Defendant The Waters of Mountain View, LLC failed to perform its obligation under the agreement to permit Plaintiff Highlands of Mountain View SNF Holdings, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

415.    As a result of Defendant The Waters of Mountain View, LLC's failure to perform its obligation under the agreement, Plaintiff Highlands of Mountain View SNF Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 55
### ACCOUNTING – 706 OAK GROVE ROAD

416.    Plaintiffs incorporate by reference paragraphs 1 through 125.

417.    Section 11(b) of the OTA requires that Defendant The Waters of Mountain View, LLC provide Plaintiff Highlands of Mountain View SNF Holdings, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Highlands of Mountain View SNF Holdings, LLC.

418.    Section 11(b) of the OTA states that:

Subsequent to the Closing Date, New Operator shall allow Old

> Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

419.    Plaintiff Highlands of Mountain View SNF Holdings, LLC fully performed all of its obligations under the OTA.

420.    Despite Plaintiff Highlands of Mountain View SNF Holdings, LLC's compliance and full performance, Defendant The Waters of Mountain View, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Highlands of Mountain View SNF Holdings, LLC.

421.    Upon information and belief, Defendant The Waters of Mountain View, LLC withheld or wrongfully offset funds due to Plaintiff Highlands of Mountain View SNF Holdings, LLC.

422.    Despite Plaintiff Highlands of Mountain View SNF Holdings, LLC's demands and prior requests, Defendant The Waters of Mountain View, LLC failed to provide Plaintiff Highlands of Mountain View SNF Holdings, LLC access to the books and records.

423.    Accordingly, Plaintiff Highlands of Mountain View SNF Holdings, LLC requests an order from this Court requiring Defendant The Waters of Mountain View, LLC provide access to its books and records.

424.    Plaintiff Highlands of Mountain View SNF Holdings, LLC is prepared to retain a forensic account to conduct this accounting.

**COUNT 56**
**RESCISSION OF 706 OAK GROVE ROAD OTA**

425.    Plaintiffs incorporate by reference paragraphs 1 through 125.

426.    Defendant The Waters of Mountain View, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

427.    In February 2020, Plaintiff Highlands of Mountain View SNF Holdings, LLC notified Defendant The Waters of Mountain View, LLC of the contract rescission and offered to restore all benefits that Plaintiff Highlands of Mountain View SNF Holdings, LLC received from Defendant The Waters of Mountain View, LLC.

428.    Defendant The Waters of Mountain View, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

429.    As a result of Defendant The Waters of Mountain View, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

**COUNT 57**
**BREACH OF CONTRACT – 414 MASSEY AVENUE OTA**

430.    Plaintiffs incorporate by reference paragraphs 1 through 125.

431.    Plaintiff Highlands of Mountain View RCF Holdings, LLC and Defendant Mountain View Residential Home – A Waters Community, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 414 Massey Avenue, Mountain

View, Arkansas for which Defendant Mountain View Residential Home – A Waters Community, LLC was required to provide consideration to Plaintiff Highlands of Mountain View RCF Holdings, LLC for the transfer of this facility.

432.     On or about January 23, 2019, Plaintiff Highlands of Mountain View RCF Holdings, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant Mountain View Residential Home – A Waters Community, LLC.

433.     Defendant Mountain View Residential Home – A Waters Community, LLC failed to perform its obligation under the agreement to permit Plaintiff Highlands of Mountain View RCF Holdings, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

434.     As a result of Defendant Mountain View Residential Home – A Waters Community, LLC's failure to perform its obligation under the agreement, Plaintiff Highlands of Mountain View RCF Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

**COUNT 58**
**ACCOUNTING – 414 MASSEY AVENUE**

435.     Plaintiffs incorporate by reference paragraphs 1 through 125.

436.     Section 11(b) of the OTA requires that Defendant Mountain View Residential Home – A Waters Community, LLC provide Plaintiff Highlands of Mountain View RCF Holdings, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Highlands of Mountain View RCF Holdings, LLC.

437.     Section 11(b) of the OTA states that:

Subsequent to the Closing Date, New Operator shall allow Old

> Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

438.     Plaintiff Highlands of Mountain View RCF Holdings, LLC fully performed all of its obligations under the OTA.

439.     Despite Plaintiff Highlands of Mountain View RCF Holdings, LLC's compliance and full performance, Defendant Mountain View Residential Home – A Waters Community, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Highlands of Mountain View RCF Holdings, LLC.

440.     Upon information and belief, Defendant Mountain View Residential Home – A Waters Community, LLC withheld or wrongfully offset funds due to Plaintiff Highlands of Mountain View RCF Holdings, LLC.

441.     Despite Plaintiff Highlands of Mountain View RCF Holdings, LLC's demands and prior requests, Defendant Mountain View Residential Home – A Waters Community, LLC failed to provide Plaintiff Highlands of Mountain View RCF Holdings, LLC access to the books and records.

442.     Accordingly, Plaintiff Highlands of Mountain View RCF Holdings, LLC requests an order from this Court requiring Defendant Mountain View Residential Home – A Waters Community, LLC provide access to its books and records.

443.     Plaintiff Highlands of Mountain View RCF Holdings, LLC is prepared to retain a

forensic account to conduct this accounting.

## COUNT 59
### RESCISSION OF 414 MASSEY AVENUE OTA

444.     Plaintiffs incorporate by reference paragraphs 1 through 125.

445.     Defendant Mountain View Residential Home – A Waters Community, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

446.     In February 2020, Plaintiff Highlands of Mountain View RCF Holdings, LLC notified Defendant Mountain View Residential Home – A Waters Community, LLC of the contract rescission and offered to restore all benefits that Plaintiff Highlands of Mountain View RCF Holdings, LLC received from Defendant Mountain View Residential Home – A Waters Community, LLC.

447.     Defendant Mountain View Residential Home – A Waters Community, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

448.     As a result of Defendant Mountain View Residential Home – A Waters Community, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 60
### BREACH OF CONTRACT – 1513 S. DIXIELAND ROAD OTA

449.     Plaintiffs incorporate by reference paragraphs 1 through 125.

450.     Plaintiff Highlands of Rogers Dixieland Holdings, LLC and Defendant The Waters of Rogers, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 1513 S. Dixieland Road, Rogers, Arkansas for which Defendant The Waters of Rogers, LLC was required to provide consideration to Plaintiff Highlands of Rogers Dixieland Holdings, LLC for the transfer of this facility.

451.     On or about January 23, 2019, Plaintiff Highlands of Rogers Dixieland Holdings, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant The Waters of Rogers, LLC.

452.     Defendant The Waters of Rogers, LLC failed to perform its obligation under the agreement to permit Plaintiff Highlands of Rogers Dixieland Holdings, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

453.     As a result of Defendant The Waters of Rogers, LLC's failure to perform its obligation under the agreement, Plaintiff Highlands of Rogers Dixieland Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 61
### ACCOUNTING – 1513 S. DIXIELAND ROAD

454.     Plaintiffs incorporate by reference paragraphs 1 through 125.

455.     Section 11(b) of the OTA requires that Defendant The Waters of Rogers, LLC provide Plaintiff Highlands of Rogers Dixieland Holdings, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Highlands of Rogers Dixieland Holdings, LLC.

456.     Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

457. Plaintiff Highlands of Rogers Dixieland Holdings, LLC fully performed all of its obligations under the OTA.

458. Despite Plaintiff Highlands of Rogers Dixieland Holdings, LLC's compliance and full performance, Defendant The Waters of Rogers, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Highlands of Rogers Dixieland Holdings, LLC.

459. Upon information and belief, Defendant The Waters of Rogers, LLC withheld or wrongfully offset funds due to Plaintiff Highlands of Rogers Dixieland Holdings, LLC.

460. Despite Plaintiff Highlands of Rogers Dixieland Holdings, LLC's demands and prior requests, Defendant The Waters of Rogers, LLC failed to provide Plaintiff Highlands of Rogers Dixieland Holdings, LLC access to the books and records.

461. Accordingly, Plaintiff Highlands of Rogers Dixieland Holdings, LLC requests an order from this Court requiring Defendant The Waters of Rogers, LLC provide access to its books and records.

462. Plaintiff Highlands of Rogers Dixieland Holdings, LLC is prepared to retain a forensic account to conduct this accounting.

## COUNT 62
### RESCISSION OF 1513 S. DIXIELAND ROAD OTA

463.     Plaintiffs incorporate by reference paragraphs 1 through 125.

464.     Defendant The Waters of Rogers, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

465.     In February 2020, Plaintiff Highlands of Rogers Dixieland Holdings, LLC notified Defendant The Waters of Rogers, LLC of the contract rescission and offered to restore all benefits that Plaintiff Highlands of Rogers Dixieland Holdings, LLC received from Defendant The Waters of Rogers, LLC.

466.     Defendant The Waters of Rogers, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

467.     As a result of Defendant The Waters of Rogers, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 63
### BREACH OF CONTRACT – 826 NORTH STREET OTA

468.     Plaintiffs incorporate by reference paragraphs 1 through 125.

469.     Plaintiff Highlands of Stamps Holdings, LLC and Defendant The Waters of Stamps, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 826 North Street, Stamps, Arkansas for which Defendant The Waters of Stamps, LLC was required to provide consideration to Plaintiff Highlands of Stamps Holdings,

LLC for the transfer of this facility.

470.    On or about January 23, 2019, Plaintiff Highlands of Stamps Holdings, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant The Waters of Stamps, LLC.

471.    Defendant The Waters of Stamps, LLC failed to perform its obligation under the agreement to permit Plaintiff Highlands of Stamps Holdings, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

472.    As a result of Defendant The Waters of Stamps, LLC's failure to perform its obligation under the agreement, Plaintiff Highlands of Stamps Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 64
### ACCOUNTING – 826 NORTH STREET

473.    Plaintiffs incorporate by reference paragraphs 1 through 125.

474.    Section 11(b) of the OTA requires that Defendant The Waters of Stamps, LLC provide Plaintiff Highlands of Stamps Holdings, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Highlands of Stamps Holdings, LLC.

475.    Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable

collections due to Old Operator.

476.    Plaintiff Highlands of Stamps Holdings, LLC fully performed all of its obligations under the OTAs.

477.    Despite Plaintiff Highlands of Stamps Holdings, LLC's compliance and full performance, Defendant The Waters of Stamps, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Highlands of Stamps Holdings, LLC.

478.    Upon information and belief, Defendant The Waters of Stamps, LLC withheld or wrongfully offset funds due to Plaintiff Highlands of Stamps Holdings, LLC.

479.    Despite Plaintiff Highlands of Stamps Holdings, LLC's demands and prior requests, Defendant The Waters of Stamps, LLC failed to provide Plaintiff Highlands of Stamps Holdings, LLC access to the books and records.

480.    Accordingly, Plaintiff Highlands of Stamps Holdings, LLC requests an order from this Court requiring Defendant The Waters of Stamps, LLC provide access to its books and records.

481.    Plaintiff Highlands of Stamps Holdings, LLC is prepared to retain a forensic account to conduct this accounting.

### COUNT 65
### RESCISSION OF 826 NORTH STREET OTA

482.    Plaintiffs incorporate by reference paragraphs 1 through 125.

483.    Defendant The Waters of Stamps, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

484.    In February 2020, Plaintiff Highlands of Stamps Holdings, LLC notified

Defendant The Waters of Stamps, LLC of the contract rescission and offered to restore all benefits that Plaintiff Highlands of Stamps Holdings, LLC received from Defendant The Waters of Stamps, LLC.

485.     Defendant The Waters of Stamps, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

486.     As a result of Defendant The Waters of Stamps, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

**COUNT 66**
**BREACH OF CONTRACT – 326 LINDLEY LANE OTA**

487.     Plaintiffs incorporate by reference paragraphs 1 through 125.

488.     Plaintiff Lindley Healthcare and Rehabilitation Center, LLC and Defendant The Waters of Newport, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 326 Lindley Lane, Newport, Arkansas for which Defendant The Waters of Newport, LLC was required to provide consideration to Plaintiff Lindley Healthcare and Rehabilitation Center, LLC for the transfer of this facility.

489.     On or about January 23, 2019, Plaintiff Lindley Healthcare and Rehabilitation Center, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant The Waters of Newport, LLC.

490.     Defendant The Waters of Newport, LLC failed to perform its obligation under the agreement to permit Plaintiff Lindley Healthcare and Rehabilitation Center, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate

insurance policies.

491.  As a result of Defendant The Waters of Newport, LLC's failure to perform its obligation under the agreement, Plaintiff Lindley Healthcare and Rehabilitation Center, LLC suffered damages in an amount exceeding $ 75,000.00.

### COUNT 67
### ACCOUNTING – 326 LINDLEY LANE

492.  Plaintiffs incorporate by reference paragraphs 1 through 125.

493.  Section 11(b) of the OTA requires that Defendant The Waters of Newport, LLC provide Plaintiff Lindley Healthcare and Rehabilitation Center, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Lindley Healthcare and Rehabilitation Center, LLC.

494.  Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

495.  Plaintiff Lindley Healthcare and Rehabilitation Center, LLC fully performed all of its obligations under the OTA.

496.  Despite Plaintiff Lindley Healthcare and Rehabilitation Center, LLC's compliance and full performance, Defendant The Waters of Newport, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Lindley

Healthcare and Rehabilitation Center, LLC.

497.    Upon information and belief, Defendant The Waters of Newport, LLC withheld or wrongfully offset funds due to Plaintiff Lindley Healthcare and Rehabilitation Center, LLC.

498.    Despite Plaintiff Lindley Healthcare and Rehabilitation Center, LLC's demands and prior requests, Defendant The Waters of Newport, LLC failed to provide Plaintiff Lindley Healthcare and Rehabilitation Center, LLC access to the books and records.

499.    Accordingly, Plaintiff Lindley Healthcare and Rehabilitation Center, LLC requests an order from this Court requiring Defendant The Waters of Newport, LLC provide access to its books and records.

500.    Plaintiff Lindley Healthcare and Rehabilitation Center, LLC is prepared to retain a forensic account to conduct this accounting.

**COUNT 68**
**RESCISSION OF 326 LINDLEY LANE OTA**

501.    Plaintiffs incorporate by reference paragraphs 1 through 125.

502.    Defendant The Waters of Newport, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

503.    In February 2020, Plaintiff Lindley Healthcare and Rehabilitation Center, LLC notified Defendant The Waters of Newport, LLC of the contract rescission and offered to restore all benefits that Plaintiff Lindley Healthcare and Rehabilitation Center, LLC received from Defendant The Waters of Newport, LLC.

504.    Defendant The Waters of Newport, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance

policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

505.    As a result of Defendant The Waters of Newport, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

### COUNT 69
### BREACH OF CONTRACT – 2821 WEST DIXON ROAD OTA I

506.    Plaintiffs incorporate by reference paragraphs 1 through 125.

507.    Plaintiff Madison Healthcare and Rehabilitation Center, LLC and Defendant The Waters of West Dixon, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 2821 West Dixon Road, Little Rock, Arkansas for which Defendant The Waters of West Dixon, LLC was required to provide consideration to Plaintiff Madison Healthcare and Rehabilitation Center, LLC for the transfer of this facility.

508.    On or about January 23, 2019, Plaintiff Madison Healthcare and Rehabilitation Center, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant The Waters of West Dixon, LLC.

509.    Defendant The Waters of West Dixon, LLC failed to perform its obligation under the agreement to permit Plaintiff Madison Healthcare and Rehabilitation Center, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

510.    As a result of Defendant The Waters of West Dixon, LLC's failure to perform its obligation under the agreement, Plaintiff Madison Healthcare and Rehabilitation Center, LLC suffered damages in an amount exceeding $ 75,000.00.

**COUNT 70**
**ACCOUNTING – 2821 WEST DIXON ROAD I**

511.     Plaintiffs incorporate by reference paragraphs 1 through 125.

512.     Section 11(b) of the OTA requires that Defendant The Waters of West Dixon, LLC provide Plaintiff Madison Healthcare and Rehabilitation Center, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Madison Healthcare and Rehabilitation Center, LLC.

513.     Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

514.     Plaintiff Madison Healthcare and Rehabilitation Center, LLC fully performed all of its obligations under the OTA.

515.     Despite Plaintiff Madison Healthcare and Rehabilitation Center, LLC's compliance and full performance, Defendant The Waters of West Dixon, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Madison Healthcare and Rehabilitation Center, LLC.

516.     Upon information and belief, Defendant The Waters of West Dixon, LLC withheld or wrongfully offset funds due to Plaintiff Madison Healthcare and Rehabilitation Center, LLC.

517.    Despite Plaintiff Madison Healthcare and Rehabilitation Center, LLC's demands and prior requests, Defendant The Waters of West Dixon, LLC failed to provide Plaintiff Madison Healthcare and Rehabilitation Center, LLC access to the books and records.

518.    Accordingly, Plaintiff Madison Healthcare and Rehabilitation Center, LLC request an order from this Court requiring Defendant The Waters of West Dixon, LLC provide access to its books and records.

519.    Plaintiff Madison Healthcare and Rehabilitation Center, LLC are prepared to retain a forensic account to conduct this accounting.

### COUNT 71
### RESCISSION OF 2821 WEST DIXON ROAD OTA I

520.    Plaintiffs incorporate by reference paragraphs 1 through 125.

521.    Defendant The Waters of West Dixon, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

522.    In February 2020, Plaintiff Madison Healthcare and Rehabilitation Center, LLC notified Defendant The Waters of West Dixon, LLC of the contract rescission and offered to restore all benefits that Plaintiff Madison Healthcare and Rehabilitation Center, LLC received from Defendant The Waters of West Dixon, LLC.

523.    Defendant The Waters of West Dixon, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

524.    As a result of Defendant The Waters of West Dixon, LLC's failure to perform its

obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 72
### BREACH OF CONTRACT – 2821 WEST DIXON ROAD OTA II

525.    Plaintiffs incorporate by reference paragraphs 1 through 125.

526.    Plaintiff Madison Healthcare and Rehabilitation Center, LLC and Defendant West Dixon Assisted Living – A Waters Community, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 2821 West Dixon Road, Little Rock, Arkansas for which Defendant West Dixon Assisted Living – A Waters Community, LLC was required to provide consideration to Plaintiff Madison Healthcare and Rehabilitation Center, LLC for the transfer of this facility.

527.    On or about January 23, 2019, Plaintiff Madison Healthcare and Rehabilitation Center, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant West Dixon Assisted Living – A Waters Community, LLC.

528.    Defendant West Dixon Assisted Living – A Waters Community, LLC failed to perform its obligation under the agreement to permit Plaintiff Madison Healthcare and Rehabilitation Center, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

529.    As a result of Defendant West Dixon Assisted Living – A Waters Community, LLC's failure to perform its obligation under the agreement, Plaintiff Madison Healthcare and Rehabilitation Center, LLC suffered damages in an amount exceeding $ 75,000.00.

**COUNT 73**
**ACCOUNTING – 2821 WEST DIXON ROAD II**

530.    Plaintiffs incorporate by reference paragraphs 1 through 125.

531.    Section 11(b) of the OTA requires that Defendant West Dixon Assisted Living –
A Waters Community, LLC provide Plaintiff Madison Healthcare and Rehabilitation Center,
LLC access to its books and records to determine accounts receivable collections due to Plaintiff
Madison Healthcare and Rehabilitation Center, LLC.

532.    Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old
> Operator and its agents and representatives to have reasonable
> access to (upon reasonable prior notice and during normal business
> hours), and to make copies of, the books and records and
> supporting material of the Facility relating to the period prior to
> and including the Closing Date, at its own expense, to the extent
> reasonably necessary to enable Old Operator to investigate and
> defend malpractice, employee or other claims, to fil or defend cost
> reports and tax returns and to verify accounts receivable
> collections due to Old Operator.

533.    Plaintiff Madison Healthcare and Rehabilitation Center, LLC fully performed all
of its obligations under the OTA.

534.    Despite Plaintiff Madison Healthcare and Rehabilitation Center, LLC's
compliance and full performance, Defendant West Dixon Assisted Living – A Waters
Community, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the
OTA, is due to Plaintiff Madison Healthcare and Rehabilitation Center, LLC.

535.    Upon information and belief, Defendant West Dixon Assisted Living – A Waters
Community, LLC withheld or wrongfully offset funds due to Plaintiff Madison Healthcare and
Rehabilitation Center, LLC.

536.     Despite Plaintiff Madison Healthcare and Rehabilitation Center, LLC's demands and prior requests, Defendant West Dixon Assisted Living – A Waters Community, LLC failed to provide Plaintiff Madison Healthcare and Rehabilitation Center, LLC access to the books and records.

537.     Accordingly, Plaintiff Madison Healthcare and Rehabilitation Center, LLC requests an order from this Court requiring Defendant West Dixon Assisted Living – A Waters Community, LLC provide access to its books and records.

538.     Plaintiff Madison Healthcare and Rehabilitation Center, LLC is prepared to retain a forensic account to conduct this accounting.

## COUNT 74
### RESCISSION OF 2821 WEST DIXON ROAD OTA II

539.     Plaintiffs incorporate by reference paragraphs 1 through 125.

540.     Defendant West Dixon Assisted Living – A Waters Community, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

541.     In February 2020, Plaintiff Madison Healthcare and Rehabilitation Center, LLC notified Defendant West Dixon Assisted Living – A Waters Community, LLC of the contract rescission and offered to restore all benefits that Plaintiff Madison Healthcare and Rehabilitation Center, LLC received from Defendant West Dixon Assisted Living – A Waters Community, LLC.

542.     Defendant West Dixon Assisted Living – A Waters Community, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees.

Therefore, there is no other adequate remedy at law other than rescission of the APA.

543.    As a result of Defendant West Dixon Assisted Living – A Waters Community, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 75
### BREACH OF CONTRACT – 552 GOLF LINKS ROAD OTA

544.    Plaintiffs incorporate by reference paragraphs 1 through 125.

545.    Plaintiff Heritage of Hot Springs Health and Rehab, LLC and Defendant Hot Springs Nursing and Rehabilitation –A Waters Community, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 552 Golf Links Road, Hot Springs, Arkansas for which Defendant Hot Springs Nursing and Rehabilitation –A Waters Community, LLC was required to provide consideration to Plaintiff Heritage of Hot Springs Health and Rehab, LLC for the transfer of this facility.

546.    On or about January 23, 2019, Plaintiff Heritage of Hot Springs Health and Rehab, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant Hot Springs Nursing and Rehabilitation –A Waters Community, LLC.

547.    Defendant Hot Springs Nursing and Rehabilitation –A Waters Community, LLC failed to perform its obligation under the agreement to permit Plaintiff Heritage of Hot Springs Health and Rehab, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

548.    As a result of Defendant Hot Springs Nursing and Rehabilitation –A Waters Community, LLC's failure to perform its obligation under the agreement, Plaintiff Heritage of

Hot Springs Health and Rehab, LLC suffered damages in an amount exceeding $ 75,000.00.

**COUNT 76**
**ACCOUNTING – 552 GOLF LINKS ROAD**

549.    Plaintiffs incorporate by reference paragraphs 1 through 125.

550.    Section 11(b) of the OTA requires that Defendant Hot Springs Nursing and Rehabilitation –A Waters Community, LLC provide Plaintiff Heritage of Hot Springs Health and Rehab, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Heritage of Hot Springs Health and Rehab, LLC.

551.    Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

552.    Plaintiff Heritage of Hot Springs Health and Rehab, LLC fully performed all of its obligations under the OTA.

553.    Despite Plaintiff Heritage of Hot Springs Health and Rehab, LLC's compliance and full performance, Defendant Hot Springs Nursing and Rehabilitation –A Waters Community, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Heritage of Hot Springs Health and Rehab, LLC.

554.    Upon information and belief, Defendant Hot Springs Nursing and Rehabilitation – A Waters Community, LLC withheld or wrongfully offset funds due to Plaintiff Heritage of Hot

Springs Health and Rehab, LLC.

555.    Despite Plaintiff Heritage of Hot Springs Health and Rehab, LLC s demands and prior requests, Defendant Hot Springs Nursing and Rehabilitation –A Waters Community, LLC failed to provide Old Operators access to the books and records.

556.    Accordingly, Plaintiff Heritage of Hot Springs Health and Rehab, LLC requests an order from this Court requiring Defendant Hot Springs Nursing and Rehabilitation –A Waters Community, LLC provide access to its books and records.

557.    Plaintiff Heritage of Hot Springs Health and Rehab, LLC is prepared to retain a forensic account to conduct this accounting.

**COUNT 77**
**RESCISSION OF 552 GOLF LINKS ROAD OTA**

558.    Plaintiffs incorporate by reference paragraphs 1 through 125.

559.    Defendant Heritage of Hot Springs Health and Rehab, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

560.    In February 2020, Plaintiff Heritage of Hot Springs Health and Rehab, LLC notified Defendant Heritage of Hot Springs Health and Rehab, LLC of the contract rescission and offered to restore all benefits that Plaintiff Heritage of Hot Springs Health and Rehab, LLC received from Defendant Heritage of Hot Springs Health and Rehab, LLC.

561.    Defendant Heritage of Hot Springs Health and Rehab, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

562. As a result of Defendant Heritage of Hot Springs Health and Rehab, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 78
### BREACH OF CONTRACT – 9209 DOLLARWAY ROAD OTA

563. Plaintiffs incorporate by reference paragraphs 1 through 125.

564. Plaintiff White Hall Holdings, LLC and Defendant The Waters of While Hall, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 9209 Dollarway Road, Hot Springs, Arkansas for which Defendant The Waters of While Hall, LLC was required to provide consideration to Plaintiff White Hall Holdings, LLC for the transfer of this facility.

565. On or about January 23, 2019, Plaintiff White Hall Holdings, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant The Waters of While Hall, LLC.

566. Defendant The Waters of While Hall, LLC failed to perform its obligation under the agreement to permit Plaintiff White Hall Holdings, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

567. As a result of Defendant The Waters of While Hall, LLC's failure to perform its obligation under the agreement, Plaintiff White Hall Holdings, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 79
### ACCOUNTING – 9209 DOLLARWAY ROAD

568. Plaintiffs incorporate by reference paragraphs 1 through 125.

569.    Section 11(b) of the OTA requires that Defendant The Waters of While Hall, LLC provide Plaintiff White Hall Holdings, LLC access to its books and records to determine accounts receivable collections due to Plaintiff White Hall Holdings, LLC.

570.    Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

571.    Plaintiff White Hall Holdings, LLC fully performed all of its obligations under the OTA.

572.    Despite Plaintiff White Hall Holdings, LLC's compliance and full performance, Defendant The Waters of While Hall, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff White Hall Holdings, LLC.

573.    Upon information and belief, Defendant The Waters of While Hall, LLC withheld or wrongfully offset funds due to Plaintiff White Hall Holdings, LLC.

574.    Despite Plaintiff White Hall Holdings, LLC's demands and prior requests, Defendant The Waters of While Hall, LLC failed to provide Plaintiff White Hall Holdings, LLC access to the books and records.

575.    Accordingly, Plaintiff White Hall Holdings, LLC requests an order from this Court requiring Defendant The Waters of While Hall, LLC provide access to its books and records.

576.     Plaintiff White Hall Holdings, LLC is prepared to retain a forensic account to conduct this accounting.

### COUNT 80
### RESCISSION OF 9209 DOLLARWAY ROAD OTA

577.     Plaintiffs incorporate by reference paragraphs 1 through 125.

578.     Defendant The Waters of While Hall, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

579.     In February 2020, Plaintiff White Hall Holdings, LLC notified Defendant The Waters of While Hall, LLC of the contract rescission and offered to restore all benefits that Plaintiff White Hall Holdings, LLC received from Defendant The Waters of While Hall, LLC.

580.     Defendant The Waters of While Hall, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

581.     As a result of Defendant The Waters of While Hall, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

### COUNT 81
### BREACH OF CONTRACT – 120 LIFE CARE WAY OTA

582.     Plaintiffs incorporate by reference paragraphs 1 through 125.

583.     Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC and Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 120 Life Care Way, Bardstown,

Kentucky for which Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC was required to provide consideration to Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC for the transfer of this facility.

584. In 2019, Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC.

585. Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC failed to perform its obligation under the agreement to permit Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

586. As a result of Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC's failure to perform its obligation under the agreement, Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 82
### ACCOUNTING – 120 LIFE CARE WAY

587. Plaintiffs incorporate by reference paragraphs 1 through 125.

588. Section 11(b) of the OTA requires that Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC provide Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC.

589. Section 11(b) of the OTA states that:

Subsequent to the Closing Date, New Operator shall allow Old

> Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

590. Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC fully performed all of its obligations under the OTA.

591. Despite Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC's compliance and full performance, Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC.

592. Upon information and belief, Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC withheld or wrongfully offset funds due to Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC.

593. Despite Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC's demands and prior requests, Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC failed to provide Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC access to the books and records.

594. Accordingly, Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC requests an order from this Court requiring Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC provide access to its books and records.

595. Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC is prepared to

retain a forensic account to conduct this accounting.

## COUNT 83
### RESCISSION OF 120 LIFE CARE WAY OTA

596.     Plaintiffs incorporate by reference paragraphs 1 through 125.

597.     Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

598.     In February 2020, Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC notified Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC of the contract rescission and offered to restore all benefits that Plaintiff Bardstown Healthcare and Rehabilitation Center, LLC received from Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC.

599.     Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

600.     As a result of Defendant Landmark of Bardstown Rehabilitation and Nursing Center, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 84
### BREACH OF CONTRACT – 945 WEST RUSSELL STREET OTA

601.     Plaintiffs incorporate by reference paragraphs 1 through 125.

602.    Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC and Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 945 West Russell Street, Elkhorn City, Kentucky for which Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC was required to provide consideration to Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC for the transfer of this facility.

603.    In 2019, Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC.

604.    Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC failed to perform its obligation under the agreement to permit Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

605.    As a result of Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC's failure to perform its obligation under the agreement, Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 85
### ACCOUNTING – 945 WEST RUSSELL STREET

606.    Plaintiffs incorporate by reference paragraphs 1 through 125.

607.    Section 11(b) of the OTA requires that Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC provide Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC access to its books and records to determine accounts receivable

collections due to Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC.

608.    Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

609.    Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC fully performed all of its obligations under the OTA.

610.    Despite Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC's compliance and full performance, Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC.

611.    Upon information and belief, Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC withheld or wrongfully offset funds due to Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC.

612.    Despite Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC's demands and prior requests, Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC failed to provide Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC access to the books and records.

613.    Accordingly, Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC requests an order from this Court requiring Defendant Landmark of Laurel Creek Nursing and

Rehabilitation Center, LLC provide access to its books and records.

614.    Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC is prepared to retain a forensic account to conduct this accounting.

**COUNT 86**
**RESCISSION OF 945 WEST RUSSELL STREET OTA**

615.    Plaintiffs incorporate by reference paragraphs 1 through 125.

616.    Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

617.    In February 2020, Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC notified Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC of the contract rescission and offered to restore all benefits that Plaintiff Laurel Creek Healthcare and Rehabilitation Center, LLC received from Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC.

618.    Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

619.    As a result of Defendant Landmark of Laurel Creek Nursing and Rehabilitation Center, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

## COUNT 87
## BREACH OF CONTRACT – 1033 NORTH HIGHWAY 11 OTA

620.     Plaintiffs incorporate by reference paragraphs 1 through 125.

621.     Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC and Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC entered into an agreement for the transfer of operations at the skilled nursing facility located at 1033 North Highway 11, Manchester, Kentucky for which Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC was required to provide consideration to Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC for the transfer of this facility.

622.     In 2019, Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC fully performed all of its obligations under the agreement and formally transferred the operations of the facility to Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC.

623.     Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC failed to perform its obligation under the agreement to permit Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC to review the books and records, pay over the Accounts Receivable collected, and retain the appropriate insurance policies.

624.     As a result of Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC's failure to perform its obligation under the agreement, Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC suffered damages in an amount exceeding $ 75,000.00.

## COUNT 88
## ACCOUNTING – 1033 NORTH HIGHWAY 11

625.     Plaintiffs incorporate by reference paragraphs 1 through 125.

626.    Section 11(b) of the OTA requires that Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC provide Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC access to its books and records to determine accounts receivable collections due to Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC.

627.    Section 11(b) of the OTA states that:

> Subsequent to the Closing Date, New Operator shall allow Old Operator and its agents and representatives to have reasonable access to (upon reasonable prior notice and during normal business hours), and to make copies of, the books and records and supporting material of the Facility relating to the period prior to and including the Closing Date, at its own expense, to the extent reasonably necessary to enable Old Operator to investigate and defend malpractice, employee or other claims, to fil or defend cost reports and tax returns and to verify accounts receivable collections due to Old Operator.

628.    Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC fully performed all of its obligations under the OTA.

629.    Despite Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC's compliance and full performance, Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC failed to transfer Accounts Receivable that it collected and, by virtue of the OTA, is due to Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC.

630.    Upon information and belief, Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC withheld or wrongfully offset funds due to Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC.

631.    Despite Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC's demands and prior requests, Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC failed to provide Plaintiff Mountain View Healthcare and Rehabilitation Center,

LLC access to the books and records.

632.    Accordingly, Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC requests an order from this Court requiring Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC provide access to its books and records.

633.    Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC is prepared to retain a forensic account to conduct this accounting.

### COUNT 89
### RESCISSION OF 1033 NORTH HIGHWAY 11 OTA

634.    Plaintiffs incorporate by reference paragraphs 1 through 125.

635.    Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC's failure to perform these obligations was the result of fraud or false representations, and performance under the agreement is now impossible. *See* Count 92, Fraudulent Misrepresentation.

636.    In February 2020, Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC notified Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC of the contract rescission and offered to restore all benefits that Plaintiff Mountain View Healthcare and Rehabilitation Center, LLC received from Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC.

637.    Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC has continuously failed to allow a review the books and records, pay over the Accounts Receivable collected, retain the required insurance policies, and wrongfully over withheld management fees. Therefore, there is no other adequate remedy at law other than rescission of the APA.

638.     As a result of Defendant Landmark of Elkhorn City Rehabilitation and Nursing Center, LLC's failure to perform its obligations under the agreement, the contract between the parties should be rescinded.

**COUNT 90**
**BREACH OF CONTRACT – PROFIT SHARING**

639.     Plaintiffs incorporate by reference paragraphs 1 through 125.

640.     As additional consideration for the operational transfer of Arkansas I Operators, Old Arkansas II Operators, Old Kentucky Operators, and Old Massachusetts Operators (collectively "Old Operators") to New Arkansas I Operators, New Arkansas II Operators, New Kentucky Operators, and New Massachusetts Operators (collectively "New Operators"), Defendants Gubin and Blisko agreed to make payment to Plaintiffs Joseph and Rosie Schwartz in an amount equal to thirty-five percent (35%) of the net income from New Operators.

641.     The agreement defined 'net income' as the income remaining after a reduction for one hundred twenty-five percent (125%) of the rent payment and a four percent (4%) management fee.

642.     Old Operators fully performed its entire obligation under this Agreement.

643.     Defendants Gubin and Blisko failed to perform their obligation under this agreement to make payment to Plaintiffs Joseph and Rosie Schwartz.

644.     As a result of Defendants Gubin and Blisko's failure to perform their obligation under this agreement, Plaintiffs Joseph and Rosie Schwartz suffered damages in an amount exceeding $ 1,000,000.00.

## COUNT 91
### CONVERSION, THEFT & EMBEZZLEMENT

645.    Plaintiffs incorporate by reference paragraphs 1 through 125.

646.    As a result of the operational and property transfers, New Arkansas I Operators, New Arkansas II Operators, New Kentucky Operators, New Massachusetts Operators, and Strawberry Fields REIT, LLC (collectively "New Operators") collected Accounts Receivable which is the property of Old Arkansas I Operators, Old Arkansas II Operators, Old Kentucky Operators, and Old Massachusetts Operators (collectively "Old Operators") pursuant to section 9(a) of the OTAs.

647.    New Operators offset the amounts to be paid to Old Operators with expenses that were not incurred or not the legal obligation of Old Operators.

648.    Upon information and belief, Old Operators, under the direction and control of Defendants Gubin and Blisko, also converted the Accounts Receivable belonging to Old Operators in an amount exceeding $ 10 million.

649.    New Operators' intentional and wrongful action of offsetting the amounts due to Old Operators, and converting their Accounts Receivable due, was inconsistent with the property and contractual rights of Old Operators.

650.    As a result of Defendants' intentional, wrongful, and fraudulent acts, Old Operators were injured in an amount exceeding $ 10 million.

## COUNT 92
### FRAUDULENT MISREPRESENTATION

651.    Plaintiffs incorporate by reference paragraphs 1 through 125.

652.    With the intention of inducing Old Operators into transferring all of the nursing

home facilities to New Operators, Defendants Gubin and Blisko intentionally and falsely asserted that they, through their limited liability companies, would continue their operations and pay over to Old Operators the Accounts Receivable collected.

653.    In furtherance of their scheme, they wrongfully and intentionally delayed the consummation of the Arkansas I, Arkansas II, Kentucky and Massachusetts' transactions.

654.    Between May 2018 to the present, New Operators, under the direction and control of Defendants Gubin and Blisko,

655.    As a result of Defendants Gubin and Blisko's fraudulent misrepresentations, Plaintiffs were injured in an amount exceeding $ 75,000.00.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

    i.    Enter judgment on Plaintiffs' behalf on each of the counts in Plaintiffs' Complaint;

    ii.    Award Plaintiffs their costs and attorney fees; and

    iii.    Grant Plaintiffs such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs hereby request trial by jury.

Respectfully submitted,

*/s/ Robert J. Fedor*
**ROBERT J. FEDOR, ESQ., LLC**
Robert J. Fedor (OH #0042653)
23550 Center Ridge Road, Suite 107
Westlake, Ohio 44145
(440) 250-9709
Fax: (440) 250-9714
rjfedor@fedortax.com
*Attorney for Plaintiffs*