IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH SCHWARTZ, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 20-01376 |
| | ) | |
| vs. | ) | |
| | ) | Judge Jorge L. Alonso |
| MOISHE GUBIN, *et al.*, | ) | |
| | ) | Magistrate Judge Sheila Finnegan |
| *Defendants*. | ) | |
| | ) | |

## **PLAINTIFFS' RESPONSE IN OPPOSITION TO**
## **DEFENDANT'S MOTION TO DISMISS**

Pursuant to this Court's *Order* (Docket No. 20) dated June 3, 2020, Plaintiffs, by and through their undersigned counsel, hereby submit their response in opposition to Defendant Strawberry Fields, REIT, LLC's ("Defendant") *Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) [sic] for Lack of Diversity Jurisdiction* (Docket No. 16). Plaintiffs request that this Court deny Defendant's request for dismissal because the evidence put forth by Defendant challenging this Court's subject matter jurisdiction is insufficient. Additionally, Plaintiffs request that this Court grant them the opportunity to conduct limited discovery related to this Court's jurisdiction and the diversity issues therein.

### ARGUMENT

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute". *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Further, it "is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction". *Id.* (internal citations omitted).

"Where jurisdiction depends on diversity of citizenship, the plaintiff bears the burden of establishing that the requirements for diversity are met." *Zurich Am. Ins. Co. v. Tangiers Int'l LLC*, No. 18 C 2115, 2018 U.S. Dist. LEXIS 134701, at *3, 2018 WL 3770085 (N.D. Ill. Aug. 9, 2018) (citing *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009)). Specifically, complete diversity must be established "meaning that no plaintiff may be from the same state as any defendant." *Id*. (quoting *Hart v. FedEx Ground Package Sys. Inc*., 457 F.3d 675, 676 (7th Cir. 2006)) Furthermore, "the citizenship of an LLC is the citizenship of each of its members" for purposes of diversity jurisdiction. *Id*. (citing *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007)).

Lastly, "[i]t has long been the case that 'jurisdiction of the Court depends upon the state of things ***at the time of the action brought***.'" *Grupo Dataflux v. Atlas Global Group, L.P*., 541 U.S. 567, 570, 124 S. Ct. 1920, 1924 (2004) (*emphasis added*) (citing *Mollan v. Torrance*, 22 U.S. 573, (1824)). As such, "all challenges to subject-matter jurisdiction premised upon diversity of citizenship" are reviewed "against the state of facts that existed at the time of filing--whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Id*. at 571.

### I. Defendant's factual challenge to this Court's jurisdiction is insufficient to support dismissal.

Here, Defendant asserts that complete diversity does not exist between the parties, and it is entitled to dismissal of this action, because two (2) members of Defendant, Strawberry Patch BET, LLC and Strawberry Patch Aleph, LLC, are both citizens of New York. (Motion to Dismiss, pg. 5). Defendant further asserts that "Strawberry Patch BET, LLC ***is a citizen*** of New York because three of its members … are each citizens of New York" and "Strawberry Patch

Aleph, LLC *is a citizen* of New York because three of its Members … are each citizens of New York." (Motion to Dismiss, pg. 5) (*emphasis added*).

However, Defendant's motion failed to assert whether Strawberry Patch BET, LLC and Strawberry Patch Aleph, LLC were members of Defendant at the time Plaintiffs filed their complaint. And, perhaps more importantly, Defendant's motion failed to assert whether Strawberry Patch BET, LLC and Strawberry Patch Aleph, LLC were citizens of New York at the time Plaintiffs filed their complaint. All of these assertions in Defendant's motion, as well as those provided in its attached Declaration of Moishe Gubin (Docket No. 16-1), regarding the citizenship of Defendant is made in the present tense and more than three (3) months after Plaintiffs initiated this matter. As such, and pursuant to the U.S. Supreme Court's reaffirmation of the "time-of-filing rule" in *Grupo Dataflux*, 541 U.S. at 570, this Court cannot find that it lacks subject matter jurisdiction in this case based upon the limited evidence put forth by Defendant. Accordingly, this Court should deny Defendant's request for dismissal at this time and allow for limited jurisdictional discovery to fully develop the factual jurisdictional issues raised by Defendant's motion.

**II.     Plaintiffs must be permitted to conduct limited discovery based upon Defendant's challenge of jurisdiction.**

Plaintiffs request the opportunity to conduct limited discovery regarding the factual issues raised by Defendant's motion to dismiss. Courts possess the authority "to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of jurisdiction." *Mart v. Berkshire Hathaway Inc.*, No. 3:10-CV-118 JTM, 2010 WL 11575057, at *2 (N.D. Ind. Aug. 2, 2010) (citations omitted). "Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ***ambiguous or unclear*** on the

jurisdiction issue." *Ticketreserve, Inc. v. Viagogo, Inc*., 656 F.Supp.2d 775, 782 (N.D. Ill Aug. 11, 2009) (emphasis added).

Further, "[c]ourts have generally permitted discovery wherre the motion to dismiss makes a factual challenge to the jurisdictional allegations in the complaint." *Zurich Am. Ins.*, 2018 U.S. Dist. LEXIS 134701, at *5-6 (citing *Apex Digitial, Inc. v. Sears, Roebuck & Co*., 572 F.3d 440, 444-45 (7th Cir. 2009) (distinguishing between a facial attack that challenges the sufficiency of the allegations of jurisdiction in the pleadings on their face and a factual attack that challenges the truth of the jurisdictional facts alleged in the pleadings)*; Lester-Washington v. Wal-Mart Stores, Inc*., No. 11-CV-0568-MJR, 2011 U.S. Dist. LEXIS 116006, 2011 WL 4738529, at *2 (S.D. Ill. Oct. 7, 2011) (allowing jurisdictional discovery where motion to dismiss was a factual attack upon the allegations of the complaint); *Parkside Med. Servs. Corp. v. Lincoln W. Hosp., Inc*., No, 89 C 223, 1989 U.S. Dist. LEXIS 7722, 1989 WL 75430, at *1 (N.D. Ill. June 20, 1989) (allowing jurisdictional discovery where defendant's motion to dismiss was a factual attack upon the jurisdictional allegations of the complaint)).

Here, the evidence put forth in Defendant's motion to dismiss is disputed as to whether Strawberry Patch BET, LLC and Strawberry Patch Aleph, LLC were members of Defendant, or citizens of New York, at the time Plaintiffs filed their complaint on February 25, 2020. Furthermore, both Strawberry Patch BET, LLC and Strawberry Patch Aleph, LLC are limited liability companies organized under the laws of Indiana. Indiana does not require the organizing entity to disclose its members at the time of filing or in any publically available document. As such, the only process for Plaintiffs to obtain the jurisdictionally relevant information, as of the date Plaintiffs initiated this matter, is through jurisdictional discovery. *See, e.g., GMAC Commer.*

*Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (remanding case to district court for jurisdictional discovery to determine the residence of the LLC's members). Accordingly, this Court should grant Plaintiffs' request for the opportunity to conduct limited jurisdictional discovery on the factual jurisdictional issues raised in Defendant's motion to dismiss.

    Respectfully submitted,

    */s/ Robert J. Fedor*
    **ROBERT J. FEDOR, ESQ., LLC**
    Robert J. Fedor (OH #0042653)
    23550 Center Ridge Road, Suite 107
    Westlake, Ohio 44145
    (440) 250-9709
    Fax: (440) 250-9714
    rjfedor@fedortax.com
    *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2020, I electronically filed the foregoing *Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss* with the Clerk of the Court by using the CM/ECF System which will send a Notice of Electronic Filing and copy to:

John B. Wolf
ASHMAN & STEIN, P.C.
8707 North Skokie Blvd.
Suite 100
Skokie, Illinois 60077
jwolf@ashmanstein.com
*Attorney for Defendants*

                                                  */s/ Robert J. Fedor*
                                                  **ROBERT J. FEDOR, ESQ., LLC**
                                                  Robert J. Fedor (OH #0042653)
                                                  *Attorney for Plaintiffs*